**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RODOLFO ANTHONY INFANTE | |
| Appellant | No. 644 MDA 2015 |

Appeal from the Judgment of Sentence March 10, 2015
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0004086-2011;
CP-36-CR-0004087-2011; CP-36-CR-0004092-2011;
CP-36-CR-0004128-2011; CP-36-CR-0005888-2013

BEFORE: GANTMAN, P.J., OLSON, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.: **FILED OCTOBER 16, 2015**

Appellant, Rodolfo Anthony Infante, appeals from the judgment of sentence entered in the Lancaster County Court of Commons Pleas, following the revocation of his parole and probation. We affirm.

In its opinion, the trial court fully sets forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises one issue for our review:

> WAS AN AGGREGATE SENTENCE OF TWO TO TEN YEARS INCARCERATION FOR TECHNICAL VIOLATIONS OF PROBATION AND PAROLE MANIFESTLY EXCESSIVE AND AN ABUSE OF THE COURT'S DISCRETION?

(Appellant's Brief at 5).

_____

*Retired Senior Judge assigned to the Superior Court.

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donald R. Totaro, we conclude Appellant's issue merits no relief. The trial court's opinion comprehensively discusses and properly disposes of the question presented. (*See* Trial Court Opinion, filed May 14, 2015, at 7-12) (finding: court determined Appellant violated his parole for third time where Appellant failed to supply samples for drug testing, admitted using opiates and marijuana, did not enroll in educational classes or drug and alcohol program, and failed to obtain employment, as required by terms and conditions of his parole; court had benefit of pre-sentence investigation ("PSI") report at sentencing, so it considered, *inter alia*, Appellant's age, level of education, history of mental health and substance abuse, extensive prior criminal record, gravity of offenses, Appellant's failed attempts at rehabilitation (which included violations of his parole on two prior occasions), and circumstances of Appellant's most recent parole violation; court also considered sentencing guidelines and testimony from Appellant's parole officer that Appellant has been under restricted supervision since 2012 due to Appellant's neglect of his parole conditions; court found Appellant's reasons for repeatedly violating parole were "very poor" excuses; parole had been ineffective rehabilitation tool for Appellant in past, there was little evidence to indicate Appellant made any effort to change his lifestyle, and Appellant is not amenable to treatment outside of state correctional

institution; further, Appellant's history of committing new crimes while on parole and refusal to accept offered help demonstrated his likelihood to engage in criminal behavior if he remained on parole or partial confinement; Appellant showed total disregard for his parole officer, court, and criminal justice system, so state prison sentence was essential to vindicate court's authority; thus, trial court's sentence of total confinement for Appellant's technical parole violations was proper). Accordingly, we affirm on the basis of the trial court's opinion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/16/2015

IN THE COURT OF COMMON PLEAS OF LANCASTER COUNTY, PENNSYLVANIA
CRIMINAL

COMMONWEALTH OF PENNSYLVANIA : 644 MDA 2015
:
vs. : Nos. 5888-2013; 4128-2011
: 4092-2011; 4087-2011
RODOLFO ANTHONY INFANTE : 4086-2011; 4047-2011

### PA R.A.P. 1925 OPINION

BY TOTARO, J.

On January 28, 2015, Rodolfo Anthony Infante ("Defendant") appeared before the Court on six separate criminal informations[1] for a hearing on technical violations of probation and parole, relating to four counts of Burglary (F1), one count of Criminal Attempt (Trespass) (F2), one count of Aggravated Assault (F2), five counts of Forgery (F3), and four counts of Theft by Unlawful Taking (M1). (Notes of Transcript, at 2) ("N.T.").[2] Defendant was found to be in

---

[1] Information #4047-2011: Criminal Attempt (Trespass); Information #4086-2011: Burglary; Information #4087-2011: Burglary; Information #4092-2011: Burglary; Information #4128-2011: Burglary and Aggravated Assault; Information #5888-2013: Forgery and Theft by Unlawful Taking.

[2] On August 16, 2012, Defendant entered an open guilty plea to the above-referenced counts at Information numbers 4047-2011, 4086-2011, 4087-2011, 4092-2011, and 4128-2011. On September 28, 2012, following completion of a Pre-sentence Investigation Report, Defendant received a split sentence of one year less one day to two years less one day in Lancaster County Prison followed by four years of consecutive probation on each count of Burglary, Aggravated Assault, and Criminal Attempt (Trespass). *See* Sentencing Orders. Those minimum sentences were below the standard range of the sentencing guidelines for the burglary counts at Information numbers 4086-2011, 4092-2011, and 4128-2011, which started at 12 months and would have resulted in state prison sentences if imposed (standard range: 12-24 months). *See* Sentencing Guidelines Worksheet. As conditions of sentence, Defendant was to undergo a drug and alcohol evaluation, comply with any treatment deemed necessary, and immediately enroll in GED or high school classes. *See* Sentencing Conditions Order.

On January 22, 2014, Defendant tendered a negotiated guilty plea at Information number 5888-2013, at which time he received a split sentence of time served to 23 months incarceration in Lancaster County Prison followed by three years of consecutive probation on each of the five counts of Forgery. *See* Sentencing Order. Defendant received a sentence of time served to 23 months incarceration on the four counts of Theft by Unlawful Taking. *Id.*

81

violation of parole, his parole and probation on the split sentences were revoked, and a Pre-Sentence Investigation Report ("PSI") was ordered prior to the imposition of sentence. *Id.* at 3-5.

On March 10, 2015, Defendant appeared before the Court for sentencing on the above-referenced violations, at which time the PSI Report was made part of the record. (Notes of Transcript, Sentencing at 2, 9) ("N.T.S"). Thereafter, Defendant's parole was immediately terminated on all but the four counts of Theft by Unlawful Taking, and for each count of Burglary he received a sentence of not less than two years nor more than ten years incarceration in the State Correctional Institution. *Id.* at 16-18. For Criminal Attempt (Trespass) and Aggravated Assault, Defendant received a sentence of not less than two years nor more than five years incarceration. *Id.* at 17. On each of the five Forgery counts, Defendant was sentenced to not less than one year nor more than three years incarceration, and for the four counts of Theft by Unlawful Taking Defendant received the unexpired balance of 572 days. *Id.* at 17-18. All sentences were made concurrent to each other, so the aggregate sentence on all criminal dockets was not less than two nor more than ten years incarceration. *Id.* at 18.

On March 20, 2015, Defendant filed a Motion to Modify Sentence, which was denied by the Court on March 23, 2015. On April 9, 2015, Defendant filed a Notice of Appeal, which was amended on April 30, 2015. Defendant also timely filed a Concise Statement of the Errors Complained of on Appeal ("Statement"), asserting that an aggregate sentence of two to ten years incarceration for technical violations of probation and parole was contrary to the fundamental norms underlying the sentencing process and was manifestly excessive and an abuse of the court's discretion. *See* Statement. This opinion is written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure.

2

## LEGAL STANDARD

There is no absolute right to appeal when challenging the discretionary aspects of a parole violation sentence. *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). Appeal is permitted only if the Superior Court determines there is a substantial question that the sentence was not appropriate under the sentencing code. *Id.* A substantial question is raised when the appellant sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to fundamental norms of the sentencing process. *Id.*

Defendant contests the discretionary aspects of his sentence of total confinement for technical violations of probation. The imposition of a sentence of total confinement after the revocation of probation for a technical violation, and not for a new criminal offense, implicates the "fundamental norms which underlie the sentencing process." *Commonwealth v. Sierra*, 752 A.2d 910, 913 (Pa. Super. 2000) (quoting *Commonwealth v. Brown*, 741 A.2d 726, 735 (Pa. Super. 1999) (internal quotation marks omitted). Additionally, a substantial question that the sentence was not appropriate under the Sentencing Code may occur even where a sentence is within the statutory limits. *Commonwealth v. Titus*, 816 A.2d 251, 255 (Pa. Super. 2003). Thus, the Court will review Defendant's issue on the merits.

The Superior Court has set out the general standard of review when considering a challenge to the discretionary aspects of a Court's sentence as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

3

*Commonwealth v. Hyland*, 875 A.2d 1175, 1184 (Pa. Super. 2005) (quoting *Commonwealth v. Rodda*, 723 A.2d 212, 214 (Pa. Super. 1999)).

In clarifying the proper standard of appellate review of a sentencing court's imposition of sentence, our Supreme Court has noted:

> Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court.

*Commonwealth v. Walls*, 926 A.2d 957, 961-62 (Pa. 2007) (footnote omitted) (citing *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990)). Thus, the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Id.* (quoting *Ward*, 568 A.2d at 1243).

Sentencing on a probation violation is a matter vested within the discretion of the trial court, and will not be disturbed absent a manifest abuse of discretion. *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010). "An abuse of discretion requires the trial court to have acted with manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

"When imposing a sentence of total confinement after a probation revocation, the sentencing court is to consider the factors set forth in [42 Pa. C.S.A. § 9771]." *Crump*, 995 A.2d at 1282. Section 9771 states in pertinent part:

> **§ 9771. Modification or revocation of order of probation**
> **(a) General rule.-** The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

4

**(b) Revocation.-** The court may revoke an order of probation upon proof of the violation of specified conditions of the probation.  Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

**(c) Limitation on sentence of total confinement.-** The court shall not impose a sentence of total confinement upon revocation unless it finds that:

(1) the defendant has been convicted of another crime; or

(2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or

(3) such a sentence is essential to vindicate the authority of the court.

42 Pa. C.S.A. §§ 9771(a)-(c); *see also Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001).

Moreover, technical violations, where flagrant and indicative of an inability to reform, can support imprisonment upon revocation. *See Commonwealth v. Carver*, 923 A.2d 495, 498 (Pa. Super. 2007). In *Commonwealth v. Carrillo-Diaz*, where appellant failed to appear for required treatment and misled the court at his revocation hearing about the reasons for his failure to appear, the Superior Court found that the trial court acted within its discretion in imposing a state prison sentence for appellant's technical violations.  64 A.3d 722, 727-29 (Pa. Super. 2013). Furthermore, in *Commonwealth v. Ortega*, where the trial court determined that appellant's serious and protracted technical violations made him unsuitable for another "community based sentence" of probation, the Superior Court agreed that in light of 42 Pa. C.S.A. § 9771(c)(3), the trial court could have reasonably determined a sentence of imprisonment for a defendant who absconded at the very outset of his probationary term and remained delinquent for three years was essential to vindicate the authority of the court.  995 A.2d 879, 884 (Pa. Super. 2010).

Where probation is violated, the trial court is free to impose any sentence permitted under the Sentencing Code, and is not restricted by the bounds of a negotiated plea agreement between

5

a defendant and prosecutor. *Commonwealth v. Partee*, 86 A.3d 245, 249 (Pa. Super. 2014). Furthermore, sentencing guidelines no longer apply in a revocation hearing. *Commonwealth v. Pasture*, 107 A.3d 21, 27 (Pa. 2014).

A trial court does not necessarily abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere to the conditions imposed on him. *Commonwealth v. Schutzues*, 54 A.3d 86, 99 (Pa. Super. 2012); *see also Pasture*, 107 A.3d at 28-29. The trial court is limited only by the maximum sentence it could have originally imposed at the time of the probationary sentence. *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004); *see also* 42 Pa. C.S.A. § 9771.

A sentencing court need not undertake a lengthy discourse in explaining its reasons for imposing a sentence if the record reflects the court considered facts of the crime and character of the offender. *Crump*, 995 A.2d at 1283. Further, the trial court does not abuse its discretion by failing to specifically address all mitigating factors presented by a defendant. *Commonwealth v. Samuel*, 102 A.3d 1001, 1007 (Pa. Super. 2014). If the record as a whole reflects that the trial court considered the facts of the crime and character of an appellant, the Superior Court "cannot re-weigh the sentencing factors to achieve a different result." *Crump*, 995 A.2d at 1283.

Finally, when the sentencing court takes into consideration a Pre-Sentence Investigation Report, as the trial court did in the present case, our Superior Court has noted as follows:

> Since the sentencing court had and considered a presentence report, this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case. . . where the sentencing judge had the benefit of a presentence investigation report, it will be presumed that he or she was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors.

6

*Commonwealth v. Fowler*, 893 A.2d 758, 766-67 (Pa. Super. 2006) (quoting *Commonwealth v. Boyer*, 856 A.2d 149, 154 (Pa. Super. 2004)) (citation omitted).

## DISCUSSION

In the present case, the record clearly demonstrates the trial court relied heavily on all information contained in the PSI Report before imposing sentence. (N.T.S. at 9). Thus, pursuant to *Fowler, supra*, there is a presumption the Court was aware of all relevant information regarding Defendant's character to support the sentence imposed.

Prior to imposing sentence, the Court confirmed with Defendant and his counsel that all information contained in the PSI Report was accurate. (N.T.S. at 2-3). The Court noted Defendant was 22 years of age at the time of his most recent violation, an age of sufficient maturity to understand the significance of his acts. *Id.* at 11. The Court considered the character and history of Defendant as disclosed in the PSI Report, and by observing Defendant when he appeared for his violation hearing and sentencing. *Id.* The Court also considered comments made by Defendant and his counsel, including very poor excuses offered by Defendant as to why he was continually violating his parole. *Id.* at 7-8, 11.

Moreover, the Court considered Defendant's mental health history. (N.T.S. at 9). Defendant reported he was diagnosed with ADHD in fifth grade, but there is no history of mental health treatment or prescribed medications. *Id.* at 9-10. Defendant also reported the belief that he is bipolar, but Defendant failed to attend a scheduled appointment with a counselor. *Id.* at 10.

Defendant's history of substance abuse as disclosed in the PSI Report was considered. (N.T.S. at 10-11). Defendant had a drug and alcohol evaluation done in January 2013, where he was diagnosed as abusive of alcohol, cocaine, and cannabis. *Id.* at 10. Outpatient treatment was

7

recommended. *Id.* He had another evaluation in September 2014, while in jail on his second parole violation, resulting in an appointment with a drug treatment facility. *Id.* However, Defendant did not attend. *Id.* Rather, Defendant once again began using drugs, resulting in his third parole violation for which he now stands before the Court. *Id.* at 10-11.

Defendant's level of education and work history were discussed. (N.T.S. at 11). Defendant completed the 10th grade before being expelled for fighting and being tardy on too many occasions. *Id.* However, there was nothing to indicate a lack of intellectual ability that would prevent him from understanding the significance of his acts. *Id.* Defendant had a sporadic work history, working as a cook for four months before he was fired and working to stock shelves in a store for six months before he quit because he did not like the job. *Id.* at 11-12.

The Court took into consideration Defendant's extensive prior criminal record, which includes convictions on 6 separate dockets for charges including four counts of burglary at four separate residential properties, one count of criminal attempt (trespass), one count of aggravated assault involving a police officer, one count of resisting arrest, five counts of forgery, and multiple counts of theft. (N.T.S. at 12). Defendant owes over $10,000 in fines and costs. *Id.*

The Court considered the gravity of the offenses for which Defendant was convicted as they related to impact on the victims and community. (N.T.S. at 12). In May 2011, Defendant attempted to enter a residence by breaking a window. *Id.* On July 17, 2011, Defendant entered a residence and took over $1,000 in property. *Id.* On August 1, 2011, Defendant entered a residence and took property worth $620. *Id.* On August 22, 2011, Defendant cut a window screen, entered a residence, and took over $4,000 in property. *Id.* Also on August 22, 2011, Defendant cut the phone line to a residence, entered that residence, and fled after being

8

confronted by an individual inside. *Id.* at 12-13. Defendant resisted arrest and assaulted a police officer who responded to the scene, resulting in his being restrained by a taser. *Id.* at 13.

Defendant pled guilty to all of these charges on September 28, 2012, at which time he was given a break by receiving a county sentence in the mitigated range of the sentencing guidelines rather than a state prison sentence as warranted by the standard range of sentencing guidelines. (N.T.S. at 13). Thereafter, in September 2013, while still on parole for the burglary and assault convictions, Defendant uttered five stolen checks totaling $1,850 and made four withdrawals totaling $680 from stolen checks he deposited into his account. *Id.* Defendant pled guilty to those charges on January 22, 2014, for a time-served sentence. *Id.*

Defendant's prior failed attempts at rehabilitation were considered by the Court, including violations of parole on two prior occasions and the circumstances of his most recent parole violation. (N.T.S. at 9, 13). As such, the Court found there was little to indicate Defendant had made an effort to change his lifestyle or that he was amenable to rehabilitation. *Id.* at 13. Defendant was originally paroled on November 27, 2012, after pleading guilty to several burglaries and related offenses. *Id.* After release, Defendant was required to immediately enroll in GED or high school classes and comply with any drug or alcohol counseling deemed necessary. *Id.* at 13-14. Defendant failed to comply. *Id.* at 14.

On August 9, 2013, a capias was issued for Defendant's first parole violation, on Information numbers 4047-2011, 4086-2011, 4087-2011, 4092-2011, and 4128-2011, because he missed seven scheduled appointments with his probation officer between the dates of February 6, 2013 and August 5, 2013. (N.T.S. at 14). Moreover, Defendant failed to provide a sample for a drug test on July 10, 2013. *Id.* Additionally, Defendant was charged on October 31, 2013 with

9

the new crimes of forgery and theft. *Id.* On December 20, 2013, Defendant was found in violation of parole and he received a time-served sentence. *Id.*

On March 12, 2014, a capias was issued for Defendant's second parole violation, on Information numbers 4047-2011, 4086-2011, 4087-2011, 4092-2011, 4128-2011, and 5888-2013, because Defendant failed to appear for scheduled appointments with his probation officer on March 5, 2014 and March 10, 2014, he moved from his approved address, his whereabouts were unknown, he failed to return as scheduled to provide a drug testing sample on March 5, 2014, and he failed to obtain a drug and alcohol evaluation. (N.T.S. at 14). On July 30, 2014, Defendant appeared in court and was again found to be in violation of parole. *Id.* Defendant was released from jail on September 15, 2014, after completion of the drug program at Lancaster County Prison and upon undergoing a drug and alcohol evaluation. *Id.* at 14-15.

On December 19, 2014, only three months after release from prison on his second parole violation, a capias and bench warrant were issued for Defendant's third violation because on October 2, 2014, only seventeen days after release from prison on the second violation, Defendant claimed an inability to provide a drug testing sample. (N.T.S. at 15). Moreover, Defendant admitted using opiates on November 22, 2014, he again claimed an inability to provide a sample for drug testing on December 10, 2014 and December 16, 2014, and he admitted using marijuana on December 6, 2014. *Id.* Defendant also failed to enroll in educational classes, obtain employment, or enroll in a drug and alcohol program as required. *Id.*

According to his probation officer, Defendant has been part of the re-entry unit since 2012, and has never been stepped down to a less restrictive form of supervision because he neglects to follow through with conditions. (N.T.S. at 15). Within three weeks of being released

10

from Lancaster County Prison for his second violation, Defendant stopped reporting to his weekly appointments and was not answering calls left by his probation officer. *Id.* Defendant further advised his probation officer he would attend Career Link as encouraged, but failed to appear and later claimed he overslept. *Id.* at 8, 15-16. Because Defendant failed to show any motivation, his probation officer was recommending a state prison sentence. *Id.* at 6, 13, 16.

Finally, the Court considered all penalties authorized by the Pennsylvania legislature for the crimes committed, as well as the guidelines of the sentencing code. (N.T.S. at 11).

For these reasons, the court noted that parole had not been an effective rehabilitation tool, there was little to indicate Defendant has made any effort to change his lifestyle, and he is not amenable to treatment or rehabilitation outside a state correctional institution. (N.T.S. at 16). Further, because Defendant previously committed new crimes while on parole and he has refused to accept any offered help, there is an undue risk that during a period of probation or partial confinement Defendant would once again engage in the same criminal behavior of theft and burglaries to support his drug addiction. *Id.* Finally, because Defendant has shown total disregard for his probation officer, the Court and the criminal justice system, the Court stated a state prison sentence was essential to vindicate the authority of the court. *Id.* Consequently, pursuant to 42 Pa. C.S.A. § 9771, the Court imposed a sentence of total confinement.

## CONCLUSION

In his Statement, Defendant suggests the sentences imposed by the trial court for technical violations were manifestly excessive and an abuse of discretion. By doing so, Defendant ignores the seriousness of the offenses for which he was convicted, the break he received at the time of original sentence, and previous unsuccessful attempts at rehabilitation.

11

As noted, Defendant received a significant break when he was originally sentenced below the standard range of the sentencing guidelines on three counts of burglary, resulting in a county rather than state prison sentence. As conditions of sentence, Defendant was to immediately enroll in GED or high school classes, undergo a drug and alcohol evaluation, and comply with any treatment deemed necessary. Defendant failed to comply with said conditions, violating his parole on three separate occasions within a period of less than 18 months. As stated in *Schutzues* and *Pasture, supra,* a trial court does not abuse its discretion in imposing a seemingly harsh post-revocation sentence where the defendant originally received a lenient sentence and then failed to adhere to the conditions imposed on him.

Moreover, like the appellant in *Carrillo-Diaz, supra,* Defendant did not follow through with treatment, demonstrating a lack of motivation and poor long-term prognosis. Additionally, as in *Ortega, supra,* Defendant's prior record, background and technical violations make him unsuitable for another "community based sentence" of probation.

For these reasons, the Court did not abuse its discretion when sentencing Defendant, and the sentence was not manifestly excessive. In fact, a state prison sentence was essential to vindicate the authority of the court. Therefore, Defendant's appeal should be dismissed and his probation violation sentence affirmed.

BY THE COURT:

Date: __May 14, 2015__

DONALD R. TOTARO, JUDGE

I certify this document to be filed in the Lancaster County Office of the Clerk of the Courts.

Joshua G. Parsons
Clerk of the Courts

LANCASTER COUNTY, PA 2015 MAY 14 PH 3: 26 CLERK OF COURTS

12

ATTEST:

Copies:            Office of the District Attorney
                     MaryJean Glick, Esquire, Senior Assistant Public Defender