541 A.2d 784

**COMMONWEALTH of Pennsylvania**

v.

**Joseph AULISIO, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 11, 1988.

Filed May 16, 1988.

Rose A. McGowan, Assistant Public Defender, Moscow, for appellant.

Francis P. Sempa, Assistant District Attorney, Pittston, for Com., appellee.

Before TAMILIA, HOFFMAN and HESTER, JJ.

HESTER, Judge:

Joseph Aulisio appeals from the judgment of sentence entered on July 21, 1987, in the Court of Common Pleas of Lackawanna County. Appellant was found guilty in 1982 by a jury of two counts of murder of the first degree and two counts of kidnapping. Originally, he was sentenced to death on the murder charges and to two consecutive terms of imprisonment of seven and one-half to fifteen years on the kidnapping charges. On direct appeal to the Pennsylvania Supreme Court, the court affirmed the two murder convictions, but found insufficient evidence to sustain the kidnapping convictions. Inasmuch as the death sentence imposed was based on, *inter alia*, the aggravated circumstance of a killing while in perpetration of felonies (the kidnappings), the court vacated the death sentence and remanded to the Court of Common Pleas "for appellant to be sentenced to life imprisonment." *Commonwealth v. Aulisio*, 514 Pa. 84, 522 A.2d 1075 (1987). On remand, the Court of Common Pleas entered a sentence of two consecutive terms of life imprisonment. In this appeal, appellant argues that the sentence exceeded the remand order, and that a sentence of consecutive terms of life imprisonment is not allowed by statute. We affirm.

■ Appellant first argues that in imposing consecutive sentences, the trial court abused its discretion by going beyond the supreme court's remand order. That order states:

On consideration whereof, it is now here ordered and adjudged by this Court that the convictions of the Court of Common Pleas, Lackawanna County, be and the same are affirmed as to the two counts of murder of the first degree. The sentence of death is vacated, and the case is remanded to the Court of Common Pleas of Lackawanna County for appellant to be sentenced to life imprisonment. The convictions as to the two counts of kidnapping are reversed, and the sentences vacated.

According to appellant, by directing the sentencing court to sentence appellant "to life imprisonment," the supreme court precluded a sentence of two consecutive terms of life imprisonment. Moreover, he contends that even if the remand order is open to interpretation, "the interests of justice would dictate that if two equally plausible interpretations may be inferred, the appellant should be given the benefit of the least harmful interpretation." Appellant's brief at 9.

This assertion is meritless. We have held that a sentence of two consecutive terms of life imprisonment does not contravene the statutory sentencing scheme. *Commonwealth v. Button*, 332 Pa.Super. 239, 481 A.2d 342 (1984). In the instant case, we do not believe that the supreme court, in remanding the case for resentencing, intended to foreclose the sentencing court from imposing consecutive life sentences. While the remand order directed imposition of a sentence of "life imprisonment," we must view this language in the context of the court's opinion. The opinion focused on whether the death sentence was appropriate and whether the kidnapping convictions were supported by sufficient evidence. The remand order, quoted *supra*, set forth the court's holding with respect to these two questions; it should not be interpreted as addressing issues not discussed by the supreme court or to limit the sentencing court's discretion in matters not addressed. The supreme

court's opinion simply did not discuss the appropriateness of consecutive life sentences in this case. Therefore, it would be unreasonable to hold that the remand order forbade the sentencing court from imposing an otherwise permissible sentence of consecutive terms of life imprisonment.

■ Appellant also argues that a sentence of consecutive terms of life imprisonment contravenes the statutory sentencing scheme. He acknowledges that *Commonwealth v. Button, supra,* held that such a sentence is proper, but argues that *Button's* rationale is erroneous.

*Commonwealth v. Button, supra,* held, *inter alia,* that while 42 Pa.C.S. § 9711, which governs procedure in cases of first degree murder, does not expressly provide for imposition of a sentence of consecutive life terms, it must be read in conjunction with 42 Pa.C.S. § 9757, as the two are *in pari materia.* 42 Pa.C.S. § 9757 allows consecutive sentences for multiple offenses in general. Therefore, we concluded that a sentence of consecutive terms of life imprisonment is permissible under the statutory sentencing scheme.

In arguing that *Button* is erroneous, appellant points to the following language of 42 Pa.C.S. § 9757: "[T]he court shall indicate the minimum sentence to be served for the total of all offenses.... Such minimum sentence shall not exceed one-half of the maximum sentence imposed." Appellant argues that application of this statute to life sentences is impossible as the minimum and maximum sentences are the same; therefore, contrary to the statute, one who is sentenced to consecutive life terms cannot receive a minimum that is one-half of the maximum sentence imposed.

We reject this argument on the basis of the analysis set forth in *Button. Button* did not rely exclusively on the holding that the two statutes, cited above, are *in pari materia,* but cited the following grounds in support of the proposition that a sentence of consecutive terms of life imprisonment is permissible.

This result finds an analogue in cases where a (mandatory) consecutive life sentence is imposed upon a person

already serving a life term who is convicted of assault by a life prisoner, *Commonwealth v. Bryant*, 239 Pa.Super. 43, 361 A.2d 350 (1976), or where definite terms consecutive to a life sentence are imposed for offenses other than murder, *Commonwealth v. Burgess*, 500 Pa. 224, 455 A.2d 631 (1983) (possession of an instrument of crime); *Commonwealth v. Boyd*, 271 Pa.Super. 88, 412 A.2d 588 (1979) (prohibited offensive weapons, criminal conspiracy and robbery); *Commonwealth v. Maddox*, 307 Pa.Super. 524, 453 A.2d 1010 (1982) (burglary). If, as appellants assert, consecutive life sentences are not implicated much less mandated by the sentencing statute, then the discretion of the trial court is necessarily the controlling factor....

We may derive some guidance too from the fact that in at least seven other jurisdictions consecutive life sentences have been imposed without challenge, and that in two other jurisdictions such sentences have withstood constitutional attack. [Citations omitted.]

Further, despite the obvious limitations dictated by human mortality, there is no statutory provision restricting the length of possible sentences. As the ABA Standards Relating to Sentencing Alternatives and Procedures (Approved Draft 1968) observes:

> It is very rare for there to be a legislative ceiling on the sentences which may be piled on top of each other. It is the rule rather than the exception that there is literally no limit to the term which can be imposed on the multiple offender. *Id.* at 174.

In short, the uniqueness of the statutory homicide provisions, which in appellants' view limits the flexibility of the court in pronouncing sentence, refers only to the type of penalty deemed appropriate by the legislature. Beyond this the court's discretion is subject to no limitation other than that inherent in the term "manifestly excessive" which is inapplicable here.

*Id.*, 332 Pa.Superior Ct. at 244–45, 481 A.2d at 344–45.

Judgment of sentence affirmed.