568 A.2d 1242

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Joseph WARD, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued May 5, 1989.

Decided Jan. 31, 1990.

Robert G. Teeter, Gettysburg, for Appellant.

Leonard Sosnov, John W. Packel, Asst. Public Defenders, Benjamin Lerner, Public Defender, for amicus curiae Defenders' Assn. of Philadelphia.

Roy A. Keefer, Dist. Atty., for appellee.

Stuart Suss, James P. MacElree, II, West Chester, for amicus curiae Dist. Atty., Chester County.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA and PAPADAKOS, JJ.

## OPINION

NIX, Chief Justice.

This is an appeal from the Order of the Superior Court vacating sentences imposed by the trial court and remanding the matter for the imposition of sentence in accordance with the directions provided in the opinion of that court, 369 Pa.Super. 94, 534 A.2d 1095. After conviction on the charges of robbery, 18 Pa.C.S. § 3701, and burglary, 18 Pa.C.S. § 3502, appellant was sentenced to a term of two and one-half to fifteen years for the robbery conviction and to two and one-half to twelve and one-half years on the burglary conviction.[1] The court directed that the minimum sentences should be served consecutively and that the maximum sentences should run concurrently. The appellant thereupon filed an appeal to the Superior Court complaining that the sentence imposed for the robbery offense exceeded the statutory maximum. The Superior Court vacated the trial court's order, remanded the matter to the trial court for the correction of the sentence and, in addition, directed the trial court to provide a statement of rationale for the sentence imposed. Upon return of this matter to the trial court, appellant was resentenced to a term of two and one-half to ten years for the robbery offense. The trial

---

**1.** Burglary as defined under 18 Pa.C.S. § 3502 is graded as a felony of the first degree. Robbery as defined under 18 Pa.C.S. § 3701(a)(I)(i), (ii), and (iii) is also graded as a felony of the first degree. *See* 18 Pa.C.S. § 3701(b). In the case of a felony of the first degree, the maximum sentence provided is a period of 20 years. 18 Pa.C.S. § 1103(1).

court again imposed that sentence to begin at the expiration of the minimum sentence for the burglary charge. The effect of that ruling was to prescribe a total period of incarceration on the two charges of not less than five years and no more than twelve and one-half years.[2]

After the resentence in accordance with the direction of the Superior Court, appellant filed a Motion to Modify Sentence alleging in part that the trial court had imposed an improper sentence in that the minimums were to run consecutively and the maximums were to run concurrently. After consideration of the Motion, it was denied by the trial court.[3]

Appellant again appealed to the Superior Court challenging the trial court's imposition of a partially consecutive and partially concurrent sentence. On that appeal, the Superior Court agreed with appellant that consecutive minimums and concurrent maximums constituted an improper sentence.[4] The Superior Court remanded the cause again to the trial court directing that court to impose an aggregate sentence of five years to twenty-two and one-half years imprisonment. It is from that order appellant now seeks review by this Court.

Appellant, *inter alia*, argues that the order of the Superior Court impermissibly intruded upon the trial court's sentencing power.[5] We agree.

2. The trial court also complied with the Superior Court's direction and provided a rationale for the sentence imposed.

3. While the initial appeal to the Superior Court was pending, appellant filed with the trial court a petition for post-conviction relief hearing. That petition was also denied by the trial court at the time of the denial of the Motion to Modify Sentence.

4. A fundamental rule of sentencing in this jurisdiction requires that the composite minimum may not exceed one-half of the composite maximum. *See, e.g., Commonwealth v. Aulisio,* 373 Pa.Super. 504, 541 A.2d 784 (1988); 42 Pa.C.S. § 9757.

5. The parties also asserted a constitutional violation based on the Double Jeopardy Clause. In view of our disposition of the matter, we need not address this issue.

52

■ Traditionally, it has been recognized that the trial court is granted broad discretion in the determination of sentence. *Commonwealth v. Jones,* 523 Pa. 138, 565 A.2d 732 (1989); *Commonwealth v. Cottle,* 493 Pa. 377, 426 A.2d 598 (1981). Deference is accorded to the trial court's pronouncement because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *See generally, Commonwealth v. Martin,* 466 Pa. 118, 351 A.2d 650 (1976). *See also, Commonwealth v. Jones, supra.* Even with the promulgation of the sentencing guidelines, which was intended to structure the exercise of the sentencing power, *Commonwealth v. Sessoms,* 516 Pa. 365, 532 A.2d 775 (1987), that power is, notwithstanding, a function to be performed by the trial court. *See, Commonwealth v. Devers,* 519 Pa. 88, 546 A.2d 12 (1988); *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). Where an appellate court determines that a sentence is illegal or otherwise improper, the proper remedy is to vacate the sentence and remand the matter to the trial court for sentencing in accordance with the ruling of the appellate court. *See, e.g., Commonwealth v. Chase,* 519 Pa. 440, 548 A.2d 1224 (1988); *Commonwealth v. Bethea,* 474 Pa. 571, 379 A.2d 102 (1977). In this case the Superior Court attempted to superimpose its judgment on the trial court by directing the sentence to be imposed, thereby usurping the function of the trial court.

■ An appellate Court has no power to impose a sentence; that power is to be exercised exclusively by the trial court. The trial court's right to this power can be usurped only by the legislature, which has the power to prescribe mandatory sentences. Since there was no mandatory sentence to be imposed for the offenses appellant had committed, the trial court had the discretion to impose a sentence within the statutory guidelines. 42 Pa.C.S. § 9721. Once the Superior Court determined that the trial court had abused its discretion by imposing a partially consecutive, partially concurrent sentence, it should have remanded the

cause to the trial court for imposition of a legal sentence. *See, e.g., Commonwealth v. Santiago,* 489 Pa. 527, 414 A.2d 1016 (1980); *Commonwealth v. Hill,* 481 Pa. 37, 391 A.2d 1303 (1978).[6]

Accordingly, the order of the Superior Court is vacated, and the matter is remanded to the trial court for resentencing.

6. Amicus, the Defender's Association of Philadelphia, has suggested several policy reasons highlighting the benefits to be gained from the partially concurrent, partially consecutive sentence imposed below. Amicus also argues that the statutory language and court rules do not preclude such an arrangement. Although we find these arguments interesting, it would be jurisprudentially unsound to address them at this time, inasmuch as the parties have not raised the issue and have accepted the Superior Court's conclusion that such a scheme is not authorized under our present law.