J-S55003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICARDO BIVENS | |
| Appellant | No. 2492 EDA 2015 |

Appeal from the Judgment of Sentence June 23, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000042-2015

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                **FILED AUGUST 19, 2016**

Ricardo Bivens appeals from the judgment of sentence, imposed in the Court of Common Pleas of Monroe County, after he entered an open plea of guilty to fleeing or attempting to elude police.[1]  After careful review, we affirm.

The trial court set forth the facts of this case as follows:

On December 8, 2014, [Bivens] led police on a 20.5 mile high speed chase at speeds of up to 120 miles per hour.  The episode began in Pocono Township, Pennsylvania when [Bivens] failed to accede to a routine traffic stop, covered at least two [s]tate [r]outes and Interstate Route 80, and was called off in Delaware Water Gap, Pennsylvania when [Bivens] crossed into New Jersey.  During the pursuit, [Bivens] broke numerous traffic laws, passed many vehicles, drove erratically, improperly

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3733.

entered and exited roadways, operated his uninspected car in a dangerous and reckless manner, and placed the lives of numerous motorists and police officers in jeopardy.

Trial Court Opinion, 9/14/15, at 1-2.

Bivens was ultimately arrested by New Jersey State Police in Hope, New Jersey, where he was charged in a separate case with possession of heroin. In this matter, Bivens was charged with fleeing or attempting to elude a police officer, recklessly endangering another person, and several summary traffic offenses. On April 7, 2015, Bivens pled guilty to fleeing or attempting to elude. After a presentence investigation report ("PSI") was completed, the court sentenced Bivens on June 23, 2015, to 30 to 60 months' incarceration. Bivens' motion for reconsideration of sentence was denied and this timely appeal follows, in which Bivens raises the following issue for our review:

> Where the Commonwealth approves and signs a written guilty plea that is presented to the court categorizing the Defendant as having a prior record score of 5, can the probation department thereafter change the prior record score to that of a repeat felon, allowing the judge to put him in a much higher standard range for purposes of sentencing?

Brief of Appellant, at 5.

Bivens raises a challenge to the discretionary aspects of his sentence. *See Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998) (en banc) (any misapplication of Sentencing Guidelines constitutes challenge to discretionary aspects of sentence). Such a claim does not entitle an appellant to review as a matter of right. *Commonwealth v. Swope*, 123

A.3d 333, 337 (Pa. Super. 2015). Rather, before this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

*Id.*, quoting **Commonwealth v. Allen**, 24 A.3d 1058, 1064 (Pa. Super. 2011).

Here, Bivens filed a post-sentence motion raising his sentencing claim, followed by a timely notice of appeal to this Court. He has also included in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence pursuant to Pa.R.A.P. 2119(f). Accordingly, we must now determine whether he has raised a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

In his Rule 2119(f) statement, Bivens asserts that the trial court imposed an excessive sentence because it improperly utilized a repeat felon range (RFEL) prior record score rather than the score of 5 that was indicated on the guilty plea form that Bivens signed and that was approved by the Commonwealth. This court has previously held that the improper calculation of a prior record score raises a substantial question. **Commonwealth v.**

*Janda*, 14 A.3d 147, 165 (Pa. Super. 2011) (improper calculation of prior record score based on out-of-state offenses raises substantial question). Accordingly, we will address this argument on its merits.

We begin by noting:

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (citations omitted). Deference is accorded to the trial court's pronouncement of sentence because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990).

Here, Bivens argues that, although there was no agreement with the Commonwealth as to sentence, his sentence is nonetheless excessive.[2]

---

[2] In his brief, Bivens presents his claim primarily as one implicating the discretionary aspects of his sentence. However, he also suggests that his plea was not knowing, intelligent, and voluntary because he agreed to it under the false impression that he would be sentenced with a prior record score of 5. However, Bivens failed to preserve any claim regarding the

*(Footnote Continued Next Page)*

Specifically, he believes he is entitled to a lesser sentence because his guilty plea form stated that his prior record score was a 5, yet he was sentenced as a repeat felon. As a result, Bivens received a term of 30 to 60 months' incarceration, "well beyond the standard range sentence [of 18 to 36 months] allowable under the terms agreed to at the time of the plea." Brief of Appellant, at 13.

We begin by noting that Bivens does not actually claim that the prior record score under which he was sentenced, RFEL, is incorrect. Indeed, at sentencing, Bivens' counsel acknowledged that Bivens' "rap sheet is not short," N.T. Sentencing, 6/23/15, at 2; stated that he had reviewed the sentencing recommendation with his client; and did not object to Bivens' classification as RFEL. Nowhere in the record does Bivens argue that a RFEL classification is actually inaccurate, nor does he provide any factual basis to support such a claim.

Moreover, Bivens' assertion that his sentence is excessive and that the court should have taken into consideration the mitigating fact that "for a period of over 20 years, [Bivens] led a crime-free life" is without merit.

_(Footnote Continued)_ ————————

voluntariness of his plea. He did not raise the claim at the time of sentencing, nor did he include the issue in his post-sentence motion. Accordingly, insofar as Bivens attempts to challenge the voluntariness of his plea, we are precluded from considering the claim, as it has been waived. **See** Pa.R.Crim.P. 720(B)(1)(a)(i).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" **Commonwealth v. Walls**, 846 A.2d 152, 157 (Pa. Super. 2004). In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. **Commonwealth v. Miller**, 965 A.2d 276, 277 (Pa. Super. 2009), quoting **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). A sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion. Where a sentencing judge had the benefit of a PSI report, it is presumed that he was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988). Finally, where the sentencing court imposes a standard-range sentence with the benefit of a PSI report, we will not consider the sentence excessive. **Commonwealth v. Corley**, 31 A.3d 293, 298 (Pa. Super. 2011), citing **Commonwealth v. Moury**, 992 A.2d 162, 171 (Pa. Super. 2010).

Here, the court was in possession of a PSI and considered its contents in fashioning Bivens' sentence, which was within the standard range of the

sentencing guidelines for his prior record score. At the sentencing hearing, the court reviewed at length the factors it took into consideration in reaching its decision:

> THE COURT: Okay. Mr. Bivens, in imposing the sentence you are about to hear, I've considered several things:
>
> First, the plea that you took before me and this Court; second, the Court's record and filing in this matter; third, the [PSI] report that was prepared by our probation office that has information about you, your background, your criminal history and lots of other matters as well, including the fact that you are, as [your attorney] indicated, classified as a repeat felon, which is something that you've earned through 13 adult arrests, with 12 convictions over the course of your career.
>
> I have also considered the applicable sentencing laws, rules and guidelines, and I want to note a couple things:
>
> First, we can't escape the fact that a repeat felon for purposes of sentencing, and [your attorney] said, you know, at some point that the past catches up to you.
>
> A little more academically for the purposes of sentencing today, there is something else and that is it's that we use history as a predictor of future behavior. All of us do that individually in our daily lives when we deal with others on a business level or a personal level. We do that in other branches of assessment, and we do it in court quite frequently.
>
> And so we look at someone's history to see if maybe we have some semblance of hope that in the future criminal behavior won't happen. You have a long history, you know, not only in the criminal justice system but of drug abuse and use. You had heroin in your car that you've admitted was not for personal use but obviously was for sale.
>
> I also want to note that, you know, when you ran from the police you didn't just run from the police, you ran a long way, and went more than double the speed limit and put yourself and the officers or troopers – I guess both – and other motorists and anyone else on or near the road in substantial danger while you did it. And so I think that the mid-standard range sentence that has been proposed is spot on, and I will impose it.

N.T. Sentencing, 6/23/15, at 5-6 (emphasis added).

The foregoing reveals that the court considered the protection of the public, the gravity of the offense, and Bivens' rehabilitative needs. ***See*** 42 Pa.C.S.A. § 9721(b). In light of Bivens' extensive criminal history, and the fact that he risked the lives of numerous law-enforcement officers as well as members of the public during the commission of his offense, we cannot say that the standard-range sentence imposed was excessive. Accordingly, Bivens' claim must fail.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/19/2016