**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
AQUILLA D. LAURY, :
:
Appellant : No. 1255 MDA 2015

Appeal from the Judgment of Sentence entered July 9, 2015,
in the Court of Common Pleas of Lycoming County,
Criminal Division at No. CP-41-CR-0001155-2014

BEFORE:  STABILE, PLATT,* and STRASSBURGER,* JJ.

CONCURRING MEMORANDUM BY STRASSBURGER, J.:**FILED AUGUST 26, 2016**

I join the Majority's holding that Laury failed to raise a substantial question for our review.  I write separately to express my disquiet about the nearly unfettered discretion given to trial courts in imposing consecutive or concurrent sentences.

"The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question."  ***Commonwealth v. Johnson***, 873 A.2d 704, 709 at n.2 (Pa. Super. 2005).

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Ward***, 524 Pa. 48, 568 A.2d 1242, 1243 (1990); ***see also Commonwealth v. Jones***, 418 Pa.Super. 93, 613 A.2d 587, 591 (1992) (*en banc* ) (offering that the sentencing court is in a

*Retired Senior Judge assigned to the Superior Court.

> superior position to "view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

*Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007).

As cited by the learned Majority, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only** the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." *Commonwealth v. Lamonda*, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (emphasis added).

I am mindful of these principles; however, as is so often the case, inconsistent application of the sentencing factors and limited appellate review results in similarly situated defendants being treated disparately with no recourse. I believe this is a situation our jurisprudence cannot countenance. Accordingly, I respectfully concur.