J-S27021-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| OWEN FRANCIS MCCAFFREY | : | No. 2548 EDA 2016 |

Appeal from the Judgment of Sentence July 1, 2016
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0000479-2016

BEFORE:   GANTMAN, P.J., OTT, J. and PLATT, J.[*]

MEMORANDUM BY OTT, J.:                    **FILED SEPTEMBER 07, 2017**

The Commonwealth appeals from the judgment of sentence imposed on Owen Francis McCaffrey, on July 1, 2016, in the Court of Common Pleas of Monroe County, following his guilty plea to two counts of sexual abuse of children/child pornography.  18 Pa.C.S. § 6312(d).[1]  McCaffrey received a sentence of 11½ to 23 months' incarceration followed by two years of probation.  McCaffrey was determined not to be a sexually violent predator. In this timely appeal, the Commonwealth challenges the discretionary aspects of McCaffrey's sentence, claiming the trial court manifestly abused

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] One count was for possession of 446 images of children under the age of 13; the other count was for possession of 511 images of children between the ages of 13 and 18.  These were Counts 3 and 4 in the indictment.

its discretion by imposing an excessively lenient sentence, which was outside the sentencing guidelines. After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

Before we begin our substantive analysis, we reiterate the well-known standard of review:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.
>
> * * *
> When imposing sentence, a court is required to consider the particular circumstances of the offense and the character of the defendant. In considering these factors, the court should refer to the defendant's prior criminal record, age, personal characteristics and potential for rehabilitation.

*Commonwealth v. Antidormi*, 84 A.3d 736, 760-61 (Pa. Super. 2014) (internal citations and quotation marks omitted).

> An appellant is not entitled to the review of challenges to the discretionary aspects of a sentence as of right. Rather, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction. We determine whether the appellant has invoked our jurisdiction by considering the following four factors:
>
> (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P.

2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Commonwealth v. Samuel*, 102 A.3d 1001, 1006-07 (Pa. Super. 2014) (some citations omitted).

*Commonwealth v. Kearns*, 150 A.3d 79, 84 (Pa. Super. 2016).

Additionally, when the trial court issues a sentence outside of the sentencing guidelines,

the court must provide in open court a contemporaneous statement of reasons in support of its sentence.

The statute requires a trial judge who intends to sentence a defendant outside of the guidelines to demonstrate on the record, as a proper starting point, [its] awareness of the sentencing guidelines. Having done so, the sentencing court may deviate from the guidelines, if necessary, to fashion a sentence which takes into account the protection of the public, the rehabilitative needs of the defendant, and the gravity of the particular offense as it relates to the impact on the life of the victim and the community, so long as [it] also states of record the factual basis and specific reasons which compelled [it] to deviate from the guideline range.

When evaluating a challenge to the discretionary aspects of sentence ... it is important to remember that the sentencing guidelines are advisory in nature. If the sentencing court deems it appropriate to sentence outside of the guidelines, it may do so as long as it offers reasons for this determination. [O]ur Supreme Court has indicated that if the sentencing court proffers reasons indicating that its decision to depart from the guidelines is *not un* reasonable [ (*sic* ) ], we must affirm a sentence that falls outside those guidelines.

A sentencing court, therefore, in carrying out its duty to impose an individualized sentence, may depart from the guidelines when it properly identifies a particular factual basis and specific reasons which compelled [it] to deviate from the guideline range.

- 3 -

*Commonwealth v. Kitchen*, \_\_\_ A.3d \_\_\_, 2017 PA Super 147, at *5 (Pa. Super. 2017) (citation omitted).

Initially, the appeal is timely and the Commonwealth preserved the issue by filing a motion for reconsideration, which was denied by written order on August 9, 2016. Further, the Commonwealth filed the required Pa.R.A.P. 2119(f) statement claiming the trial court had "unreasonably deviated from the sentencing guideline[s]" and in doing so had imposed an "excessively lenient" sentence, "contrary to the fundamental norms underlying the sentencing process and inconsistent with the Sentencing Code." Commonwealth's Brief at 3. A claim that the sentencing court sentenced outside the sentencing guidelines presents a substantial question. *Kitchen*, 2017 PA Super 147, at *4. As all the technical requirements have been met, we proceed to our substantive review.

Although both counts are listed as 18 Pa.C.S. § 6312(d), they have different offence gravity scores (OGS), based upon the ages of the victims. Accordingly, Count 3 had an OGS of 7 (children under 13) and Count 4 an OGS of 6 (children between 13 and 18). McCaffrey had no prior record (Prior Record Score – PRS). Pursuant to the Sentencing Guidelines, 7th Edition (9/25/2015), a standard range minimum sentence for OGS 7 and PRS 0 is between 6 and 14 months' incarceration; the mitigated range is between 0 and 8 months' incarceration. A standard range minimum sentence for OGS 6 and PRS 0 is between 3 and 12 months' incarceration;

mitigated range is between 0 and 6 months incarceration. However, pursuant to 204 Pa.Code § 303.13(a)(11),

> In no case where the Sexual Abuse of Children Enhancement involving number of images is applied may the mitigated sentence recommendation be lower than 5 months for possession of greater than 50 to 200 images, be lower than 12 months for possession of greater than 200 to 500 images, and be lower than 18 months for greater than 500 images.

204 Pa.Code § 303.13(a)(11).

Therefore, applying the applicable Sexual Abuse of Children Enhancements, under Count 3, where McCaffrey possessed 446 images, the recommended mitigated range sentence was raised to no less than 12 months' incarceration; Count 4, where McCaffrey possessed 511 images, the recommended mitigated range sentence was raised to no less than 18 months' incarceration. As stated above, McCaffrey received an aggregate sentence of 11½ to 23 months' incarceration. The sentence imposed is 6½ months below the guidelines' 18-month minimum mitigated sentence.

As announced in **Kitchen**, **supra**, our role as an appellate court is to examine the trial court's reasons for departing from the guidelines and determine if those reasons are *un*reasonable. Taking into account that the reasoning is faulty only if it evidences a manifest abuse of discretion, **Kearns**, **supra**, we now examine the reasons placed on the record at sentencing.

The trial court's statements regarding the sentence issued cover the majority of six pages of the transcription of the sentencing hearing of June 30, 2016.

The Court: Well, I did review the presentence investigation report that was prepared in this matter along with the Sexual Offender's Assessment Board evaluation. And notably they did not make a recommendation to this court that the defendant met the criteria to be deemed a sexually violent predator. I did also review some of the documents attached to the – all of the documents I did review, but some of which include a psychological report of a Philip H. Witt, W-I-T-T, Ph.d, who was, apparently, commissioned by the defendant, who analyzed Mr. McCaffrey.

There's also some information, discharge information, and other documents from the United States military confirming the defendant's military service and honorable discharge from the United States Navy.

In addition, I did review the sentencing memorandum submitted on behalf of Mr. McCaffrey, including the exhibits attached to that, which once again, Dr. Witt's report was attached to that, but notably there were also character letters submitted on behalf of Mr. McCaffrey by many of his siblings, family members, children, and his ex-wife as well, giving the Court an indication of his background and character. And, certainly, he's before the Court on a very serious matter here. These charges are very disturbing.

Obviously, by his own admission, this behavior has been going on for quite a long time, at least with regard to the downloading and viewing, or at least viewing of child pornography since in or around 2006.

And, you know, certainly I think that the Commonwealth's argument is accurate. That, you know, a lot of people that view this stuff don't think that there is a victim, and they come in and argue to me that nobody was hurt, they're careful now when they say that, but I've heard that before, that there is no victim. But these children become adults and those images are out

there forever, and it's harmful for them. And I've always said that if there weren't people like you, Mr. McCaffrey, seeking out this type of pornography, child pornography, there wouldn't be a market for it. There'd be less of an interest or desire for people to make it and put it out there.

So it is very disturbing that this goes on. Apparently, you knew it was wrong, you continued to do it. For whatever reason, you couldn't stop doing it. You knew, eventually, you were going to get caught doing it. And that time came, but, you know, sometimes I think it's fortunate that the police are able to catch people doing that because they put out a search for these files. I don't know how many – are they finding a lot of people with these files? Are they all over the place? Do they have to figure out whether the computer is local?

*\*\**

A lot of people have peer-to-peer file sharing and they must be sharing this stuff. Our local law enforcement are looking at it and then probably not interested in trying to arrest somebody in New Jersey, New York or California.

*\*\**

I looked at, certainly, the guidelines in this case are high and they're higher than some other child pornography cases that I've had. And that's why I was asking about the images. Quite frankly, if that enhancement didn't apply, his guideline range would be 6 to 14 months and we'd be looking at a mitigated range. He very well may be looking at a probationary sentence. I have imposed probationary sentences in these type of cases in the past. Not always with the agreement of probation or the agreement of the Commonwealth, but I have done that.

But in this case – one of the things I'm always trying to do in my sentencing is try to be consistent with my sentences.

And in Mr. McCaffrey's case, the fact of the matter is the guideline enhancement does apply. He had more images than ordinarily are found to the point that the Sentencing Commission felt an adjustment to the guidelines should be made. So he finds himself in an 18 to 26 month standard-range sentence.

Now, Counsel has set forth mitigating circumstances. There are certainly mitigating circumstances here, a couple of them that

were found by the probation officer. The fact that the defendant is 63 years of age. The present offense presents the defendant's first encounter with the criminal court system. While true he does have a zero prior record score, and probably does get credit for that in the prior record calculation, I'm going to accept that as a mitigating circumstance here. The defendant was gainfully employed as a plant operations supervisor before retiring, I'll consider that as a mitigating circumstance. The fact that he accepts responsibility for his conduct. He does engage in and did engage in rehabilitation. He is honest, I'll give him that to his credit. Although, the fact that he continues to [adult[2]] view pornography is still disturbing. If it's legal or – we call it legal pornography. It's still disturbing given the fact that this criminal case has been pending against him and he's in treatment for this type of conduct.

I reviewed these letters, his character and his attitude, I think, make it unlikely that he will reoffend. So there are certainly a number of mitigating circumstances in this case. And, certainly, the sentence that's being imposed, it will be in the mitigated range.

My intention, at this point, I can tell you, the recommendation is for what is effectively a departure sentence. It's really not – I can tell you. I don't always agree with the recommendation of probation, Ms. Borger knows that; but in this case I think that the recommendation the probation office has made is the appropriate sentence in this case.

\*\*\*

All right. Well, I find that there are significant mitigating circumstances in this case that I've already discussed. I do not find that it would be appropriate, given Mr. McCaffrey's age and his background, that it would be warranted or appropriate to sentence him to a state correctional institution. I feel that a county sentence, at this point, will sufficiently meet the punitive nature of the sentence as well as the rehabilitative needs.

---

[2] *See* N.T. Sentencing, 6/30/2016, at 18. The Commonwealth states McCaffrey was recently viewing adult pornography, not child.

So I'm going to adopt the recommended sentence range of the probation office. I'm going to sentence him to 11 and-a-half to 23 months to be followed by a consecutive two-year period of probation on the Count [1]. And on Count [2], I'll impose that sentence to run concurrent to that imposed in Count [1].

N.T. Sentencing, 6/30/2016, at 20-26.

The trial court's reasons for imposing a sentence beneath the mitigated range do not appear to be unreasonable. The trial court was in the superior position to evaluate McCaffrey and balance the need for punishment with rehabilitation.[3] The trial court had before it a variety of

_____

[3] It is well known the trial court enjoys broad discretion in imposing a sentence. Our Supreme Court has stated:

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Ward*, 524 Pa. 48, 568 A.2d 1242, 1243 (1990); *see also* *Commonwealth v. Jones*, 418 Pa. Super. 93, 613 A.2d 587, 591 (1992)(*en banc*) (offering that the sentencing court is in a superior position to "view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. Even with the advent of the sentencing guidelines, the power of sentencing is a function to be performed by the sentencing court. *Ward*, 568 A.2d at 1243. Thus, rather than cabin the exercise of a sentencing court's discretion, the guidelines merely inform the sentencing decision.

*(Footnote Continued Next Page)*

written reports including the presentence investigative report, which recommended the 11½-month minimum sentence; the Sexual Offender Assessment Board report, which the trial court used to determined McCaffrey was not a sexually violent predator; and a private mental health evaluation, which concluded that McCaffrey posed little risk of re-offense. The trial court looked at McCaffrey's age, 63, and the fact he had never previously been in trouble with the law.[4] The certified record reveals the trial court considered a variety of sources of information, including the Commonwealth's arguments, and concluded that the best balance between punishment and rehabilitation for McCaffrey was the sentence imposed.

In consideration of the above, our review of the certified record leads us to conclude that the sentence imposed was not unreasonable.

Judgment of sentence affirmed.

_(Footnote Continued)_ ──────────────

***Commonwealth v. Walls***, 926 A.2d 957, 961-62 (Pa. 2007) (footnote omitted).

[4] The Commonwealth has argued the trial court improperly double counted McCaffrey's clean criminal history. We believe the trial court was not double counting, but was noting a qualitative difference of a 63 year-old person with a 0 PRS and a far younger person with a 0 PRS.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/7/2017