J-S47007-18

NON-PRECEDENTIAL DECISION — SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF : IN THE SUPERIOR COURT OF
PENNSYLVANIA, : PENNSYLVANIA
:
Appellee :
:
v. :
:
JESSIE JAMES HOLLEY, :
: No. 1353 WDA 2017
Appellant

Appeal from the Judgment of Sentence entered August 8, 2017,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No. CP-02-CR-0014168-2014

BEFORE: OLSON, J., McLAUGHLIN, J., and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED OCTOBER 15, 2018

I join the Majority's memorandum regarding the weight of the evidence.

I concur in the result as to the sentencing claims. I write separately to express

my disquiet about the nearly unfettered discretion given to trial courts in

imposing consecutive or concurrent sentences.

"The imposition of consecutive as opposed to concurrent sentences is

solely within the discretion of the trial court, and does not in and of itself even

rise to the level of a substantial question." Commonwealth v. Johnson, 873

A.2d 704, 709 at n.2 (Pa. Super. 2005).

> The rationale behind such broad discretion and the concomitantly
> deferential standard of appellate review is that the sentencing
> court is "in the best position to determine the proper penalty for
> a particular offense based upon an evaluation of the individual
> circumstances before it." Commonwealth v. Ward, 524 Pa. 48,

*Retired Senior Judge assigned to the Superior Court.

> 568 A.2d 1242, 1243 (1990); see also Commonwealth v. Jones, 418 Pa.Super. 93, 613 A.2d 587, 591 (1992) (en banc) (offering that the sentencing court is in a superior position to "view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

Commonwealth v. Walls, 926 A.2d 957, 961 (Pa. 2007).

I am aware of these principles; however, as is so often the case, inconsistent application of the sentencing factors and limited appellate review result in similarly situated defendants being treated disparately with no recourse. Here, Appellant has received an aggregate sentence that is pretty close to a life sentence- 35 to 70 years for a 42-year-old man. It exceeds the maximum sentence permissible for a third-degree murder conviction. Admittedly, Appellant's actions were horrific. Moreover, he has prior convictions, although apparently none for violent crimes. Accordingly, I respectfully concur.

*Retired Senior Judge assigned to the Superior Court.