J-S47006-18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :   IN THE SUPERIOR COURT OF
                                                     :   PENNSYLVANIA
                                                     :

              v.                              :

ZACHARY ZANE MOORE,   :

                                                     :
             Appellant            :   No. 1278 WDA 2017

Appeal from the Judgment of Sentence May 25, 2017
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0000807-2016

BEFORE:  OLSON, J. MCLAUGHLIN, J. and STRASSBURGER, J.*

CONCURRING MEMORANDUM BY STRASSBURGER, J.:

FILED: October 19, 2018

I join the Majority's holding that Appellant's discretionary aspects of sentencing claims are waived, and that the third claim, if not waived, fails to raise a substantial question.  I write separately to express my disquiet about the nearly unfettered discretion given to trial courts in imposing consecutive or concurrent sentences.

"The imposition of consecutive as opposed to concurrent sentences is solely within the discretion of the trial court, and does not in and of itself even rise to the level of a substantial question."  ***Commonwealth v. Johnson***, 873 A.2d 704, 709 at n.2 (Pa. Super. 2005).

> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the

---

* Retired Senior Judge appointed to the Superior Court.

individual circumstances before it." ***Commonwealth v. Ward***, [] 568 A.2d 1242, 1243 ([Pa.] 1990); ***see also Commonwealth v. Jones***, [] 613 A.2d 587, 591 ([Pa. Super.] 1992) (*en banc*) (offering that the sentencing court is in a superior position to "view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed.

***Commonwealth v. Walls***, 926 A.2d 957, 961 (Pa. 2007).

"[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question in **only** the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*) (emphasis added).

I am mindful of these principles; however, as is so often the case, inconsistent application of the sentencing factors and limited appellate review results in similarly situated defendants being treated disparately with no recourse. I believe this is a situation our jurisprudence cannot countenance. Accordingly, I respectfully concur.