J-S22021-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOHN ANGELILLO :
:
Appellant : No. 228 EDA 2022

Appeal from the Judgment of Sentence Entered December 10, 2021
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000248-2021

BEFORE:  BOWES, J., McCAFFERY, J., and SULLIVAN, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED AUGUST 23, 2022**

John Angelillo (Appellant) appeals from the judgment of sentence imposed in the Pike County Court of Common Pleas, following his guilty plea to charges of possession with intent to deliver a controlled substance (PWID) and misdemeanor stalking.[1]  Appellant challenges the discretionary aspects of his sentences, arguing the trial court abused its discretion by imposing consecutive sentences at the high end of the standard range of the Pennsylvania Sentencing Guidelines.  Based upon our review, we affirm the judgment of sentence.

The relevant facts underlying this appeal are as follows.  On March 22, 2021, 16-year-old A.C. (the victim) reported to the Pennsylvania State Police

_____

[1] **See** 35 P.S. § 780-113 (a)(30); 18 Pa.C.S. § 2709.1(a).

that a 40-year-old man had given her a handwritten note with a rolled marijuana joint and a condom while she was working as a cashier at Dutch's Market in Greentown, Pennsylvania. Criminal Complaint, 4/8/21, Affidavit of Probable Cause at 1. The note read, "I love to share this with you when you['re] ready girlfriend[.] So hold on to this until the time is right for you. I want to be your friend and lover. John A. PS enjoy the joint babe." *Id.* The victim stated that the man, known to her as "John A" would come to the store during her shift and "attempt to talk to her." *Id.* He would also purchase candy from the store and give the candy to her as a gift. *Id.* She reported "John A" would ask for assistance "in secluded sections of the store where he would await her arrival and attempt to communicate with her." *Id.* The victim stated that at one point, he "touched her on the arm causing her to feel uncomfortable[ ] and scared by his presence." *Id.* "[The victim] related that "John A" had been making advances to her for approximately [three] weeks" and she had told him on several occasions that she was 16 years old. *Id.*

A few days later, Pennsylvania State Trooper Michael Galinsky, spoke to the store manager of Dutch's Market, Richard Otway. Affidavit of Probable Cause at 2. Otway informed Trooper Galinsky that the victim's mother had reported "the incidents with the store patron and her daughter" to him. *Id.* at 1-2. Otway reviewed the store's security footage and identified "John A" as Appellant. *Id.* "[Otway] further advised that [Appellant] was positively identified due to previously being employed at [Dutch's] Market and a regular customer at the store." *Id.*

- 2 -

On April 1, 2021, Pike County Probation Officer Jeffrey Baker contacted Trooper Galinsky and stated that "he [was] currently supervising [Appellant] on probation/parole" and that Appellant "admitted to him that he did write the girl a note, and it[ ] contained a condom and marijuana joint." *Id.*

Following Appellant's arrest, the Commonwealth filed a motion for protective order under 42 Pa.C.S. § 4954. It averred that while Appellant was in custody for this case and a violation of parole in an unrelated case, he sent the victim three letters. *See* Motion for Protective Order, 6/4/21, at 1-2 (unpaginated). The Commonwealth believed that "[a]ny further contact between [Appellant] and the minor victim [was] reasonably likely to lead to the intimidation of the victim and her family." *Id.* at 2 (unpaginated). The trial court granted the protective order, on June 10, 2021. The order, "prevent[ed] . . . Appellant from contacting the minor victim and various witnesses, impos[ed] physical separation between the Appellant and both the minor victim and other witnesses of at least 200 feet from their persons, places of residence, educational facilities, and places of employment, and preclud[ed] . . . Appellant from entering the property where the alleged delivery took place." Trial Ct. Op. at 1.

Appellant was originally charged with one count each of PWID, distribution to persons under age 18, felony stalking, corruption of minors,

misdemeanor stalking, and harassment.[2]  "On October 7, 2021, . . . Appellant entered into a plea agreement with the Commonwealth, whereby he agreed to plead guilty to [PWID and misdemeanor stalking] in exchange for a period of incarceration within the standard range of the Pennsylvania Sentencing Guidelines and probation, costs, fines, and fees to be determined by the Court."  Trial Ct. Op. at 2 (footnote omitted); *see* Guilty Plea Colloquy, 10/7/21.  Appellant also agreed that the decision whether to impose concurrent or consecutive sentences would be made by the trial court.  *See* Guilty Plea Colloquy at 1-2.

On December 10, 2021, the trial court sentenced Appellant to a term of 16 months' to five years' imprisonment on each count, and ordered the sentences to run consecutively, for an aggregate term of 32 months to 10 years.  *See* Order, 12/10/21.  Both sentences were imposed at the top of the standard range of the sentencing guidelines.  N.T., 12/10/21, at 8, 12.  The court also sentenced Appellant to 30 days' incarceration "for admitting a violation of the Protective Order imposed in [this] matter," but gave him "[30] days credit toward that sentence."  Trial Ct. Op. at 3.

On December 17, 2021, Appellant filed a timely motion for reconsideration of sentence in which he sought to modify his sentences to run concurrently rather than consecutively.  *See* Motion to Reconsider Sentence,

---

[2] *See* 35 P.S. § 780-114; 18 Pa.C.S. §§ 2709.1(a)(2), 6301(a)(1)(ii), and 2709(a)(3), respectively.

12/17/21, at 2 (unpaginated). Thereafter, the trial court denied the motion.

*See* Order of the Court, 12/20/21. This timely appeal follows.[3]

Appellant raises one issue on appeal:

Did the trial court err or otherwise abuse its discretion in ordering that Appellant serve the sentences imposed consecutively[?]

Appellant's Brief at 8.

Appellant's sole issue on appeal challenges the discretionary aspects of his sentence. It is well established that such a challenge does not entitle an appellant to "review as of right." ***Commonwealth v. Caldwell***, 117 A.3d 763, 768 (Pa. Super. 2015) (*en banc*) (citation omitted). Rather,

[b]efore this Court can address such a discretionary challenge, an appellant must comply with the following requirements:

An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.

***Id.*** (citation omitted).

In the present case, Appellant filed a timely appeal, and preserved his claim in a timely filed motion for reconsideration of sentence. ***See*** Notice of Appeal, 1/10/22; Motion to Reconsider Sentence, 12/17/21, at 1-2

_____

[3] Appellant complied with the trial court's directive to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

(unpaginated). In addition, he has included in his brief a concise statement of reasons relied upon for appeal pursuant to Pa.R.A.P. 2119(f). *See* Concise Statement of Errors Complained of on Appeal, 1/3/22. Accordingly, we must now consider whether Appellant's claim raises a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Austin*, 66 A.3d 798, 808 (2013) (citation omitted). An appellant "presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Conte*, 198 A.3d 1169, 1174 (Pa. Super. 2018) (citation omitted).

> In determining whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." Additionally, we cannot look beyond the statement of questions presented and the prefatory 2119(f) statement to determine whether a substantial question exists.

*Commonwealth v. Provenzano*, 50 A.3d 148, 154 (Pa. Super. 2012) (citations and emphasis omitted).

In his Rule 2119(f) statement, Appellant contends that the imposition of consecutive sentences imposed at the highest end of the standard range of the sentencing guidelines for each charge raises a substantial question. *See* Appellant's Brief at 10. Specifically, Appellant argues that his aggregate

sentence is unduly harsh given the nature of the crimes and the length of imprisonment. *See id.*

This Court has opined:

[a trial] court's exercise of discretion in imposing a sentence concurrently or consecutively does not ordinarily raise a substantial question. Rather, the imposition of consecutive rather than concurrent sentences will present a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment.

*Caldwell*, 117 A.3d at 769 (citation and quotation marks omitted).

Here, Appellant has effectively raised a substantial question with respect to his claim that the imposition of consecutive sentences, considering the nature of the crimes and the aggregate length of imprisonment, constitutes an abuse of discretion. Thus, we grant his petition for allowance of appeal and proceed to address the merits of his claim.

Our standard of review is well-settled:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Caldwell*, 117 A.3d at 770 (citations omitted). Further, as our Supreme Court elaborated in *Commonwealth v. Walls*, 926 A.2d 957 (Pa. 2007):

The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is "in the best position to determine the proper

penalty for a particular offense based upon an evaluation of the individual circumstances before it." ***Commonwealth v. Ward***, . . . 568 A.2d 1242, 1243 ([Pa.] 1990); ***see also Commonwealth v. Jones***, . . . 613 A.2d 587, 591 ([Pa. Super.] 1992) (*en banc*) (offering that the sentencing court is in a superior position to "view the defendant's character, displays of remorse, defiance or indifference and the overall effect and nature of the crime."). Simply stated, the sentencing court sentences flesh-and-blood defendants and the nuances of sentencing decisions are difficult to gauge from the cold transcript used upon appellate review. Moreover, the sentencing court enjoys an institutional advantage to appellate review, bringing to its decisions an expertise, experience, and judgment that should not be lightly disturbed. . . .

***Id.*** at 961.

In the instant case, Appellant argues that his aggregate sentence is "excessive and clearly unreasonable[,]" especially because his convictions are for non-violent and non-financial offenses. ***See*** Appellant's Brief at 15. He asserts that

the respective sentences of 16 months reflect[ ] the absolute highest range of the standard range, given Appellant's prior record score as well as the respective offense gravity scores of the charges to which Appellant pled guilty. Then the [trial court] imposed [the] consecutive [sentence] for a total aggregate of 32 months minimum incarceration. This is almost three times the minimum for the Possession charge. The trial court had the discretion to sentence Appellant to 12 months on the PWID charge and run the Stalking charge concurrent. However, the aggregate sentence of 32 months is excessive given the nature the crimes.

***Id.*** at 14-15.

Appellant maintains that his case is comparable to ***Commonwealth v. Dodge***, 957 A.2d 1198 (Pa. Super. 2008). ***See*** Appellant's Brief at 14. In ***Dodge***, a panel of this Court vacated the defendant's aggregate sentence of

57½ to 111 years of imprisonment, which was "comprised of 37 consecutive, standard range . . . sentences[,]" for non-violent offenses. *Dodge*, 957 A.2d at 1199. In doing so, this Court found that the trial court abused its discretion in imposing an excessive and unreasonable aggregate sentence. *Id.* at 1202. It reasoned that the trial court improperly sentenced the defendant, who was 42 years old at the time of sentencing, to incarceration for the remainder of his life for offenses that did not involve violence. *Id.* at 1201. Furthermore, the life sentence was comprised largely of consecutive, standard range sentences for receiving stolen costume jewelry. *Id.* at 1202. Thus, this Court determined that the trial court abused its discretion "in imposing a life sentence [that] was irrational, not guided by sound judgment, and therefore clearly unreasonable within the meaning of [42 Pa.C.S.] § 9781(c)(2). *Id.* at 1202. *See also* 42 Pa.C.S. § 9781(c)(2) ("The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds . . . the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable").

In its 1925(a) opinion, the trial court explained its reasoning for imposing the sentence as follows:

> We are satisfied that the Appellant's averments regarding the range of his sentences are without merit. The record in this matter reveals that the Appellant entered a plea of guilty to Count 1 [PWID] and 5 [misdemeanor stalking] knowingly, intelligently, and voluntarily, agreeing to be sentenced within the Standard Range of the Sentencing Guidelines. . . . Since the sentencing

court imposed sentences within the Standard Range for each offense, we are persuaded that the Appellant's sentences were not "so manifestly excessive as to constitute too severe a punishment" and that the sentencing court neither committed an error or law, nor abused its discretion.

Trial Ct. Op. at 5-6.

It is well established that under 42 Pa.C.S. § 9721, the trial court has discretion to impose its sentences consecutively or concurrently to other sentences being imposed at the same time or to sentences already imposed. *See* 42 Pa.C.S. § 9721(a). Unlike in *Dodge*, the trial court did not impose a life sentence, rather the court imposed an aggregate sentence of 32 months to 10 years for two separate crimes involving a minor.

Also, we note the trial court had the benefit of a pre-sentence investigation report (PSI), which the court considered prior to imposing sentence. *See* N.T., 12/10/21, at 12. "When a sentencing court has reviewed a [PSI], we presume that the court properly considered and weighed all relevant factors in fashioning the defendant's sentence." *Commonwealth v. Baker*, 72 A.3d 652, 663 (Pa. Super. 2013); *see also Commonwealth v. Bonner*, 135 A.3d 592, 605 (Pa. Super. 2016) ("Where [a PSI] exist[s], we [ ] presume that the [trial court] was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors[; a PSI] constitutes the record and speaks for itself.") (citation omitted).

Accordingly, upon our review of the record, the parties' briefs, and the relevant statutory and case law, we detect no basis to disturb the trial court's standard range sentences. *See Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) ("Sentencing is a matter vested within the discretion of the trial court and will not be disturbed absent a manifest abuse of discretion."). We find that the trial court properly imposed the sentences, and that the aggregate sentence is not excessive in light of the criminal conduct at issue. *See id.* at 1283 ("A sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender."). Appellant entered into a guilty plea knowing that it was within the trial court's discretion to impose consecutive or concurrent sentences within the standard range. *See* Trial Ct. Op. at 5. This is exactly what the trial court did.

As noted above, the trial court was well aware of Appellant's background and criminal history, including the fact that Appellant tried to contact the victim by sending her inappropriate letters in which he continued to seek a relationship with her and to harass her, after he was arrested for the crimes at issue. *See* N.T., 12/10/21 at 3; *see also* Motion for Protective Order, 6/4/21. Moreover, it also had the opportunity to make in-person observations of Appellant. *See Walls*, 926 A.2d at 961. Therefore, the trial court's failure to embrace Appellant's call for leniency does not constitute an abuse of

discretion. **See Commonwealth v. Macias**, 968 A.2d 773, 778 (Pa. Super. 2009) ("We cannot re-weigh the sentencing factors and impose our judgment in the place of the sentencing court."). We conclude that the trial court did not abuse its discretion and we decline to disturb the judgment of sentence on the grounds alleged.

Accordingly, no relief is warranted, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/23/2022