J-S74028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMES SANDERS | : | |
| | : | |
| Appellant | : | No. 1659 EDA 2016 |

Appeal from the Judgment of Sentence September 11, 2013
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003054-2011

BEFORE:  BOWES, J., LAZARUS, J., and RANSOM, J.

MEMORANDUM BY LAZARUS, J.:          **FILED FEBRUARY 06, 2018**

James Sanders appeals, *nunc pro tunc*, from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, after a jury found him guilty of violations of the Uniform Firearms Act.  Counsel has petitioned this Court to withdraw from his representation of Sanders pursuant to **Anders** and **Santiago**.[1]  Upon review, we affirm Sanders' judgment of sentence and grant counsel's petition to withdraw.

On April 10, 2013, Sanders was convicted of three violations[2] of the Uniform Firearms Act following an incident in which he argued with another

---

[1] **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

[2] Sanders was convicted of persons not to possess firearms, 18 Pa.C.S.A. § 6105, firearms not to be carried without a license, 18 Pa.C.S.A. § 6106, and carrying firearms on a public street, 18 Pa.C.S.A. § 6108.

man over a woman and they shot each other. The other man, Bradley Poole, died from his injuries. Sanders was not charged with homicide, however, because the police could not determine which man had fired first. On September 11, 2013, the trial court sentenced Sanders to an aggregate term of 8½ to 17 years' imprisonment. Sanders did not file a direct appeal but, on October 30, 2013, he filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546, alleging that his counsel was ineffective for failing to file an appeal. The PCRA court reinstated Sanders' appellate rights, and this timely appeal followed. On September 16, 2016, Sanders' counsel filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, in which he identified four issues. However, upon further review, counsel determined those issues to be frivolous and now seeks to withdraw.

In order to withdraw pursuant to *Anders*, counsel must: (1) petition the Court for leave to withdraw, certifying that after a thorough review of the record, counsel has concluded the issues to be raised are wholly frivolous; (2) file a brief referring to anything in the record that might arguably support an appeal; and (3) furnish a copy of the brief to the appellant and advise him of his right to obtain new counsel or file a *pro se* brief raising any additional points that the appellant deems worthy of review. *Commonwealth v. Hernandez*, 783 A.2d 784, 786 (Pa. Super. 2001). In *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), the Pennsylvania Supreme Court held

that, in order to withdraw under **Anders**, counsel must also state his reasons for concluding his client's appeal is frivolous.

Instantly, counsel's petition states that he has made an examination of the record and concluded the appeal is wholly frivolous. Counsel indicates that he supplied Sanders with a copy of the brief and a letter explaining his right to proceed *pro se*, or with privately-retained counsel, and to raise any other issues he believes might have merit.[3] Counsel has also submitted a brief, setting out the issues raised by Sanders and, pursuant to the dictates of **Santiago**, explains why he believes the appeal to be frivolous. Thus, counsel has substantially complied with the requirements for withdrawal.

Counsel having satisfied the above requirements, this Court must conduct its own review of the proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004).

Sanders first claims that the trial court erred in sustaining a Commonwealth objection to a question posed by defense counsel to Commonwealth witness Antwine Smith. Smith, a friend of decedent Poole, had been present at the time of the shooting. On cross-examination, defense counsel asked Smith if he was aware that people were saying that individuals other than Sanders and the decedent had been firing guns during the incident

---

[3] Sanders has not submitted any additional or supplemental filings to this Court.

in question. The Commonwealth objected and defense counsel argued that the question should be permitted under the "state-of-mind" exception to the hearsay rule. The court sustained the objection, ruling that because the witness, Smith, was neither the decedent nor the defendant and was not the declarant of the statement, the hearsay exception was inapplicable. We agree.

Hearsay is an out-of-court statement offered to prove the truth of the matter asserted in the statement. *Commonwealth v. Begley*, 780 A.2d 605, 623 (Pa. 2001), citing *Commonwealth v. Puksar*, 740 A.2d 219, 225 (Pa. 1999). The rule against admitting hearsay evidence stems from its assumed unreliability, because the declarant cannot be challenged regarding the accuracy of the statement. *Commonwealth v. Rush*, 605 A.2d 792 (Pa. 1992). There are, however, several recognized exceptions to the hearsay rule, including the "state-of-mind" exception under Pa.R.E. 803(3), which provides an exception to the hearsay rule, in relevant part, as follows:

> **(3) Then-Existing Mental, Emotional, or Physical Condition.**
>
> A statement of the declarant's then-existing state of mind (such as motive, intent or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed[.]

Pa.R.E. 803(3).

Our Supreme Court has explained the rationale underlying the state-of-mind exception to the hearsay rule as follows:

- 4 -

Intention, viewed as a state of mind, is a fact, and the commonest way for such a fact to evince itself is through spoken or written declarations. It is therefore because of the impossibility, in many cases, of proving intention apart from personal declarations, that they are admitted. The true basis of their admission, then, is necessity, because of which an exception to the hearsay rule is recognized[.]

**Begley**, 780 A.2d at 623, quoting **Commonwealth v. Marshall**, 135 A. 301, 304 (Pa. 1926). Where the declarant's out-of-court statements demonstrate her state of mind, are made in a natural manner, and are material and relevant, they are admissible pursuant to the exception. **Id.**, citing **Commonwealth v. Riggins**, 386 A.2d 520, 525 (Pa. 1978). The determination of whether such statements are admissible is within the sound discretion of the trial court and will be reversed only upon an abuse of that discretion. **Id.**

Here, the plain language of Rule 803(3) renders the exception inapplicable to the instant situation. Smith was not the declarant of the statements. Rather, unknown "people" were the alleged declarants. Because Smith was not the declarant, the statements cannot be said to demonstrate Smith's state of mind. Thus, the testimony defense counsel attempted to elicit is inadmissible under Rule 803(3), and Sanders is entitled to no relief.

Next, Sanders claims that the trial court erred by allowing a prior statement made by Smith to be re-read into the record by Detective Brian Peters after Smith refuted it during his testimony. Specifically, Smith testified at trial that he had not seen who was firing guns. Accordingly, counsel for the

Commonwealth cross-examined him with his prior inconsistent statements; particularly, his testimony from the preliminary hearing and his signed, *verbatim* statement to police, in both of which he had identified Sanders and the decedent as the shooters. The Commonwealth also introduced Smith's police statement through the testimony of Detective Brian Peters, who took the statement. Defense counsel objected on the basis that the statement had already been introduced during Smith's cross-examination. The trial court allowed Detective Peters to read the statement in its entirety. Sanders is entitled to no relief.

Otherwise relevant evidence may be excluded if its probative value is outweighed by its potential for prejudice. "The probative value of the evidence might be outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, undue delay, pointlessness of presentation, or unnecessary presentation of cumulative evidence." **Commonwealth v. Page**, 965 A.2d 1212, 1220 (Pa. Super. 2009), citing Pa.R.E. 403. "Cumulative evidence" is defined as "additional evidence of the same character as existing evidence and that supports a fact established by the existing evidence." **Commonwealth v. Flamer**, 53 A.3d 82, 88 n.6 (Pa. 2012) (citation omitted). However, "[e]vidence is not unfairly prejudicial simply because it is harmful to the defendant's case. Rather, exclusion of evidence on this ground is limited to evidence so prejudicial that it would inflame the jury to make a decision based upon something other than the legal

propositions relevant to the case." ***Commonwealth v. Foley***, 38 A.3d 882, 891 (Pa. Super. 2012).

Here, we conclude that, while the re-reading of the entire statement may have been cumulative of earlier testimony elicited from Smith, it was not unduly prejudicial. During Smith's direct examination, counsel for the Commonwealth read through Smith's entire statement to the police and inquired as to the veracity of each answer. Smith acknowledged that most of the statement was accurate. However, Smith denied a key portion of the statement, in which he identified the defendant as one of the shooters. Rather, Smith testified that he had merely heard gunfire, without actually seeing who was doing the shooting. In light of this testimony, the purpose of allowing Detective Peters to re-read Smith's statement and testify as to the circumstances surrounding the statement was not merely to repeat it to the jury. Rather, it was necessary to combat Smith's claims that the statement was inaccurate, and to refute any inference of mistake or impropriety on the part of the police in taking Smith's statement. While it may have been unnecessary for Detective Peters to re-read those portions of Smith's statement that Smith acknowledged to be correct, allowing him to do so was not so prejudicial as to "inflame the jury to make a decision based upon something other than the legal propositions relevant to the case." ***Id.*** Accordingly, any error in admitting the full statement during Detective Peters' direct examination was harmless.

Next, Sanders raises two claims related to the trial court's denial of requested jury instructions regarding the testimony of Officer Robin Middleton, to whom Sanders had given his statement. Sanders alleges that the court erred in declining to include Officer Middleton by name in the impeachment instructions and by failing to instruct the jury that Officer Middleton's preliminary hearing testimony could be considered as substantive evidence. These claims are waived.

> A specific and timely objection must be made to preserve a challenge to a particular jury instruction. Failure to do so results in waiver. Generally, a defendant waives subsequent challenges to the propriety of the jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary.

*Commonwealth v. Moury*, 992 A.2d 162, 178 (Pa. Super. 2010).

Here, defense counsel did not object immediately following the specific instructions at issue, or at the conclusion of the jury charge. Moreover, at the conclusion of the charge, the following exchange occurred:

> [THE COURT:] Before I proceed with the manner of deliberations, which is the final segment, do counsel need to confer with me with any of the technicalities of the charge --
>
> [DEFENSE COUNSEL]: No, Your Honor.

N.T. Trial, 4/9/13, at 90.

Because trial counsel failed to lodge any objection to the court's instructions at the conclusion of the jury charge, any claim related to the form or content of the charge is waived. *Moury*, *supra*.

In the final claim raised in the **Anders** brief, counsel briefly mentions the issue of sentencing, only to state that he believes any such claim to be meritless. Counsel does not include a Pa.R.A.P. 2119(f) statement, or address the issue any further. However, because Sanders filed a motion for reconsideration of sentence, and because our obligation pursuant to **Anders** is to thoroughly review the record to ensure that there are no potentially meritorious appellate issues, we will address Sanders' sentencing claim as preserved in his post-sentence motion. **See Commonwealth v. Zeigler**, 112 A.3d 656, 661 (Pa. Super. 2015) ("Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate Pa.R.A.P. 2119(f) statement. Hence, we do not consider counsel's failure to submit a Rule 2119(f) statement as precluding review of whether [a]ppellant's issue is frivolous.").

In his post-sentence motion, Sanders asserted that his sentence was excessive, as it was "grossly outside the guidelines," and that the court did not provide adequate reason for deviation from the sentencing guidelines. Sanders' claim is patently meritless.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality,

prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.

**Commonwealth v. Walls**, 926 A.2d 957, 961 (Pa. 2007) (citations omitted). Deference is accorded to the trial court's pronouncement of sentence because of the perception that the trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. **Commonwealth v. Ward**, 568 A.2d 1242, 1243 (Pa. 1990).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S.A. § 9721(b), that is, the protection of the public, gravity of offense in relation to impact on victim and community, and rehabilitative needs of the defendant[.]" **Commonwealth v. Walls**, 846 A.2d 152, 157 (Pa. Super. 2004). In order to constitute an abuse of discretion, a sentence must either exceed the statutory limits or be so manifestly excessive as to constitute an abuse of discretion. **Commonwealth v. Miller**, 965 A.2d 276, 277 (Pa. Super. 2009), quoting **Commonwealth v. Fish**, 752 A.2d 921, 923 (Pa. Super. 2000). A sentence should not be disturbed where it is evident that the sentencing court was aware of sentencing considerations and weighed the considerations in a meaningful fashion. **Id.** Where a sentencing judge had the benefit of a pre-sentence investigation report ("PSI"), it is presumed that he was aware of the relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors. **Commonwealth v. Devers**, 546 A.2d 12 (Pa. 1988). Finally, where the sentencing court imposes a standard-range sentence with the benefit of a

PSI, we will not consider the sentence excessive. ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011), citing ***Commonwealth v. Moury***, 992 A.2d 162, 171 (Pa. Super. 2010).

Here, the court was in possession of a PSI and considered its contents in fashioning Sanders' sentences, two of which – contrary to Sanders' assertion – were actually within the mitigated range of the sentencing guidelines, with the third being within the standard range. The court considered the protection of the public, the gravity of the offense, and Sanders' rehabilitative needs, as well as the mitigating factors raised by his counsel. ***See*** N.T. Sentencing, 9/11/13, at 44-46; 42 Pa.C.S.A. § 9721(b). In light of the foregoing, we cannot say that the sentence imposed was excessive. ***Corley***, ***supra***. Accordingly, Sanders' claim must fail.

Judgment of sentence affirmed; petition to withdraw granted.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/18

- 11 -