J-S15024-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| :--- | :--- | :---: |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER J. GRILLO, SR. | : | |
| | : | |
| Appellant | : | No. 1619 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 24, 2022
In the Court of Common Pleas of Berks County
Criminal Division at No.:  CP-06-CR-0001278-2021

BEFORE:  BOWES, J., STABILE, J., and SULLIVAN, J.

MEMORANDUM BY STABILE, J.:　　　　**FILED: JUNE 27, 2023**

Appellant, Christopher J. Grillo, Sr., was sentenced to one year's probation following his guilty plea to conspiracy to commit theft of secondary metal, 18 Pa.C.S.A. § 903(a)(1).  He was arrested for absconding from probationary supervision and was incarcerated pending a violation hearing. The court found him in violation of his probation and sentenced him to time served to 24 months' imprisonment in state prison.  Appellant argues that the court abused its discretion by imposing a state sentence because his probation violation was technical in nature.  We affirm.

On June 28, 2021, Appellant pled guilty to conspiracy and was sentenced to one year's probation.  On September 27, 2021, a warrant was issued for Appellant for several probation violations, including failure to report as directed, failure to provide notice of a change of address, failure to pay fines, costs, and restitution, and failure to comply with chemical testing.

Almost one year later, on September 6, 2022, Appellant was arrested and held in custody pending a violation hearing.

On October 24, 2022, the court held a **_Gagnon II_**[1] violation hearing. Appellant admitted committing the above probation violations. The Commonwealth recommended a sentence of 6-24 months' imprisonment in state prison, reasoning: (1) Appellant absconded for more than a year while serving this term of probation, (2) while this was his first violation of this probation, he violated probation two other times on prior probationary sentences for indirect criminal contempt; and (3) his prior violations also involved him absconding for more than six months. Furthermore, at the time of this hearing, Appellant had an outstanding probation violation from another county.

Counsel for Appellant requested a time-served sentence in a county facility. Appellant testified that he had undergone extraordinary circumstances leading to his relapse on drugs and his disappearance from supervision. His mother had been struck by a car and killed, his uncle had suffered a stroke and eventually passed, and his step-father had kicked him out of the home. As a result, Appellant became homeless for a period of time and started to use heroin again. Prior to his arrest, he had begun a relationship with a new woman with whom he had a child, and he claimed they were a good support system for him. He admitted using drugs until he was

---

[1] **_Gagnon v. Scarpelli_**, 411 U.S. 778 (1973).

incarcerated. He stated that he is a trained butcher, that he can normally obtain employment, and that he wanted drug treatment and rehabilitation.

The court stated that it considered everything stated at the hearing and sentenced Appellant to a time-served sentence of 141 days to 24 months in a state correctional facility and made him immediately eligible for parole. The court added that it believed that a drug treatment program was highly appropriate for Appellant.

Appellant filed timely post-sentence motions seeking a county sentence, which the court denied, and this timely appeal followed. Both Appellant and the court complied with Pa.R.A.P. 1925.

Appellant raises a single issue in this appeal, "Whether the lower court abused its discretion by imposing a state sentence rather than a county sentence on a first, solely technical probation violation with no new crime and no indication that Appellant is likely to commit another crime." Appellant's Brief at 4.

This is a challenge to the discretionary aspects of Appellant's sentence. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." *Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). Before reaching the merits of a discretionary aspects issue, this Court must conduct a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether

the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

*Commonwealth v. Williams*, 198 A.3d 1181, 1186 (Pa. Super. 2018). "To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." *Commonwealth v. Malovich*, 903 A.2d 1247, 1251 (Pa. Super. 2006).

Here, Appellant timely filed a notice of appeal, preserved his issues in his post-sentence motion, and included a Rule 2119(f) statement in his brief. We further conclude that Appellant has raised a substantial question for our review. *Id.* at 1252 (claim that particular probation revocation sentence is excessive in light of its underlying technical violations can present question that this Court should review). Therefore, we will address Appellant's argument.

Our review is governed by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Sheller*, 961 A.2d 187, 190 (Pa. Super. 2008). Additionally, our review of the discretionary aspects of a sentence is governed by 42 Pa.C.S. § 9781(c) and (d):

**(c) Determination on appeal.**—The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.**—In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c)-(d).

Our review is governed by the following principles:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Sheller***, 961 A.2d 187, 190 (Pa. Super. 2008).

Additionally, our review of the discretionary aspects of a sentence is governed

by 42 Pa.C.S.A. § 9781(c) and (d):

**(c) Determination on appeal.—**The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:

(1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;

(2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

(3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.

In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

**(d) Review of record.—**In reviewing the record the appellate court shall have regard for:

(1) The nature and circumstances of the offense and the history and characteristics of the defendant.

(2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.

(3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(c)-(d).

The legislature intended that the trial court consider the character of the defendant and the facts of the offense, and accordingly impose a sentence that is consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant. *Commonwealth v. Eby*, 784 A.2d 204, 207 (Pa. Super. 2001). Notably, the sentencing court may properly consider prior noncompliance with terms of probation in fashioning an appropriate sentence upon revocation of the probation. *Malovich*, 903 A.2d at 1254.

Appellant does not contest the length of his sentence, but he objects to the condition that he serve the sentence in state prison rather than county prison. The trial court reasoned that a state sentence was appropriate:

While this was [Appellant]'s first violation of probation in this docket, he had absconded for more than one year. In determining [Appellant]'s amenability to supervision, the Court considered the information provided by the supervising probation officer that there is a warrant for [Appellant] in Lancaster County for absconding on his reporting obligations there as well as the failure to keep his address current with his probation officer and additionally violations of probation in other local cases for indirect criminal contempt. The Court considered the information provided by defense counsel as to [Appellant]'s addiction relapse after the death of his mother that created issues of homelessness. The Court also considered the birth of a child and his now stable living environment alter ending the volatile relationship which was the basis for the indirect criminal contempt cases as well as [Appellant]'s request for rehabilitation as he admitted to using drugs until he was committed to the jail system for the violation of probation. The Court acknowledges that there was not a new conviction while under probation in this docket.

The trial court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it. *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990). This is the basis for the broad discretion afforded to trial court judges. Considering the procedural history, the recommendation of both [the] Commonwealth and [the] defense, the allocution of the [Appellant] and his background, as well as balancing the punitive needs of the Commonwealth with the rehabilitative needs of [Appellant] as well as his inability to succeed with the lesser restrictions of probation, the sentence imposed is not manifestly excessive nor grossly disproportionate to the crime and is supported by the record.

Pa.R.A.P. 1925 Opinion, 12/28/22, at 4-5.

We consider the court's decision to be a proper exercise of discretion. Appellant consistently absconded from supervision while under county

- 7 -

probation. During the present violation, he absconded for more than a year. In addition, he admitted failing to notify his probation officer of his change of residence, failing to comply with urine testing, and failing to pay fines, costs and restitution. In his prior violations with the same probation office, he absconded for at least six months. He admitted using narcotics up until the day he was incarcerated, which shows that county supervision and probation has failed to stop his drug use. Under these circumstances, the court had the discretion to conclude that a state sentence was necessary to vindicate the needs of the public and meet Appellant's rehabilitative needs.

For these reasons, we hold that Appellant's sentence was a proper exercise of discretion.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/27/2023