J-S41038-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESSIE DAVIS | : | |
| | : | |
| Appellant | : | No. 986 EDA 2025 |

Appeal from the Judgment of Sentence Entered November 18, 2024
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002916-2023

BEFORE:   BOWES, J., BECK, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 13, 2026**

Appellant, Jessie Davis, appeals from the judgment of sentence imposed by the Court of Common Pleas of Philadelphia County after he pleaded guilty to one count of rape of an unconscious person.[1] He challenges the discretionary aspects of his sentence. Upon review, we affirm.

On August 21, 2020, the victim, W.A., was at her home in Philadelphia. During the evening, W.A. ingested some Xanax, Percocet, and alcohol, after which she drifted into deep sleep. Upon awakening the next morning, W.A. discovered she was unclothed from the waist down and experienced pain in her vaginal area. W.A. promptly contacted law enforcement. She reported that, on the prior evening, she had fallen asleep in her home in which there

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(a)(3).

was five minor children under the age of twelve, as well as two older males that she considered her stepsons, including Appellant. W.A. affirmatively stated she never consented to any sexual contact. A sexual assault forensic examination was conducted, and the results indicated there was a DNA match to Appellant and his twin brother. Subsequent investigation revealed that Appellant's twin brother was in custody at the time of the incident. As a result, Appellant was arrested. *See* N.T. Plea Hearing, 8/19/24, at 28-29.

Several years later, Appellant was charged with rape by forcible compulsion, rape of an unconscious person, sexual assault, indecent assault without consent, and indecent assault of an unconscious person.[2] *See* Bill of Information, 4/20/23, at 1. On August 19, 2024, he pleaded guilty to one count of rape of an unconscious person. *See* N.T. Plea Hearing, 8/19/24, at 31. In exchange for the guilty plea, the Commonwealth agreed to *nolle prosse* the additional charges. *See id.* at 12, 32.[3] The plea court deferred sentencing for a pre-sentence investigation (PSI) report and a mental health evaluation. *See id.*

At the sentencing hearing held on November 18, 2024, defense counsel confirmed that the applicable Pennsylvania Sentencing Guidelines range was

---

[2] *See* 18 Pa.C.S. §§ 3121(a)(1) and (a)(3); 3124.1; and 3126(a)(1) and (a)(4), respectively.

[3] Appellant also agreed to having his sentence in this case run concurrent to confinement imposed in another case, CP-51-CR-5283-2022, a prior aggravated assault case. *See* N.T. Plea Hearing, 8/19/24, at 12-15.

60 to 70 months of incarceration. *See* N.T. Sentencing Hearing, 11/18/24, at 6. However, during the plea hearing, the Commonwealth incorrectly said 48 to 66 months of incarceration was the applicable guideline range. *See* N.T. Plea Hearing, 8/19/24, at 16. Because of the discrepancy, the sentencing court gave Appellant the opportunity to withdraw his plea. *See* N.T. Sentencing Hearing, 11/18/24, at 10-11. Appellant declined and agreed to go forward with his sentencing hearing. *See id.* at 12. At the hearing, the sentencing court stated that it had thoroughly reviewed the PSI, the mental health evaluation, a defense mitigation packet, a victim impact statement, Appellant's allocution statement, the parties' arguments, the circumstances of the case, and all relevant factors. *See* N.T. Sentencing Hearing, 11/18/24, at 62-63.

The court sentenced Appellant to 48 to 144 months of incarceration, to be followed by three years of probation. *See id.* at 67; Sentencing Order, 1/18/24, at 1.[4] On November 28, 2024, Appellant filed a motion for reconsideration of sentence, which the sentencing court denied. *See* Motion for Reconsideration of Sentence, 11/18/24; Order (denying motion for

_____

[4] The imposed sentence was below the standard range recommended by the Sentencing Guidelines: 60 to 78 months' imprisonment, plus or minus 12 months for aggravating or mitigating circumstances. *See* N.T. Sentencing Hearing, 11/18/24, at 5, 9 (noting Appellant's prior record score is 2); *see also* 204 Pa. Code § 303.15 (7th ed., amend. 6) (setting the offense gravity score of 12 for rape of an unconscious person in violation of Section 3121(a)(3)); 204 Pa. Code § 303.16(a) (7th ed., amend. 6) (applicable sentencing matrix).

reconsideration), 3/21/25. Subsequently, Appellant filed a timely notice of appeal, and he and the sentencing court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Notice of Appeal, 4/23/24; Rule 1925(b) Order, 5/5/25; Concise Statement of Errors Complained on Appeal, 5/5/25, at 1-2; Sentencing Court Opinion, 5/14/25.

Appellant presents the following question for our review.

Did the [] court err by imposing a manifestly excessive and clearly unreasonable sentence where the sentence was based solely on the seriousness of the crime and the [] court merely paid lip service to the significant mitigation [evidence] presented at the sentencing hearing?

Appellant's Brief at 1.

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2015) (*en banc*). Since Appellant is challenging the discretionary aspects of sentencing, he must invoke this Court's jurisdiction by satisfying a four-part test:

(1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, [*see*] Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Commonwealth v. Brown*, 249 A.3d 1206, 1210 (Pa. Super. 2021) (citing *Commonwealth v. Moury*, 992 A.2d 162, 170 (Pa. Super. 2010) (citation and brackets omitted)). "Only if the appeal satisfies these requirements may

we proceed to decide the substantive merits of Appellant's claim." ***Commonwealth v. Luketic***, 162 A.3d 1149, 1159-60 (Pa. Super. 2017). Here, Appellant has met the first three requirements. ***See Moury***, 992 A.2d at 170. He filed a timely appeal to this Court, preserved this issue for our review in his post-sentence motion for reconsideration of sentence, and included a Rule 2119(f) statement in his brief. ***See*** Appellant's Brief at 10-11. We now turn to whether Appellant has raised a substantial question.

The existence of a substantial question must be determined on a case-by-case basis. ***See Commonwealth v. Sexton***, 222 A.3d 405, 420 (Pa. Super. 2019); ***Commonwealth v. Cruz-Centeno***, 668 A.2d 536, 545 (Pa. Super. 1995). This Court will not look beyond the statement of questions involved and the prefatory Rule 2119(f) statement to determine whether a substantial question exists. ***See Commonwealth v. Reid***, 323 A.3d 26, 30 (Pa. Super. 2024) (citation omitted). Moreover, for purposes of determining what constitutes a substantial question, "we do not accept bald assertions of sentencing errors," but rather require an appellant to "articulat[e] the way in which the court's actions violated the sentencing code." ***Commonwealth v. Malovich***, 903 A.2d 1247, 1252 (Pa. 2006). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." ***Commonwealth v. Clary***, 226 A.3d 571, 580 (Pa. Super. 2020) (citation omitted).

In his Rule 2119(f) statement, Appellant argues this his sentence was manifestly excessive and clearly unreasonable because the sentencing court failed to take into consideration his mitigation evidence or rehabilitative needs. *See* Appellant's Brief at 11. This Court has held that "an excessive sentence claim – in conjunction with an assertion that the court failed to consider mitigating factors – raises a substantial question." ***Commonwealth v. Raven***, 97 A.3d 1244, 1253 (Pa. Super. 2014). However, a claim of inadequate consideration of mitigating factors, by itself, does not raise a substantial question for our review. ***See Commonwealth v. Disalvo***, 70 A.3d 900, 903 (Pa. Super. 2013). Accordingly, Appellant has presented a substantial question, and we will address the merits of the issue. ***See Commonwealth v. Miller***, 275 A.3d 530, 534 (Pa. Super. 2022) (stating trial court overlooking mitigating factors and imposing an excessive sentence raises substantial question).

Our standard of review is well settled:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,]or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. McCarthy***, 180 A.3d 368, 380 (Pa. Super. 2018) (citing ***Commonwealth v. Grays***, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted)).

The rationale for the broad discretion and deference in this standard is that the sentencing court is "in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it." *Commonwealth v. Walls*, 926 A.2d 957, 961 (Pa. 2007) (quoting *Commonwealth v. Ward*, 568 A.2d 1242, 1243 (Pa. 1990)). When we conduct the merits analysis of a challenge to the discretionary aspects of a sentence, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). *See Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015).

Here, Subsection 9781(c)(3) applies because Appellant was sentenced at the bottom of the Sentencing Guidelines' mitigated range, but he argues that it was clearly an unreasonable sentence. *See* 42 Pa.C.S. § 9781(c)(2). In reviewing the record, this Court considers: "(1) [t]he nature and circumstances of the offense and the history and characteristics of the defendant[;] (2) [t]he opportunity of the sentencing court to observe the defendant, including any presentence investigation[;] (3) [t]he findings upon which the sentence was based[; and] (4) [t]he guidelines promulgated by the commission." 42 Pa.C.S. § 9781(d).

A sentence is unreasonable if it was imposed "without express or implicit consideration" of the requirements outlined in Section 9721(b). *Walls*, 926 A.2d at 964; 42 Pa.C.S. § 9721(b). In imposing a sentence, the sentencing court shall consider, *inter alia*, "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the

community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Further, the sentencing court is required to consider the circumstances of the offense and the character of the defendant, paying particular attention to the defendant's prior criminal record, age, personal characteristics, and potential for rehabilitation. *See Commonwealth v. Summers*, 245 A.3d 686, 693 (Pa. Super. 2021) (citing *Commonwealth v. DiClaudio*, 210 A.3d 1070, 1074-75 (Pa. Super. 2019)). Where the sentencing court had the benefit of a PSI, we can assume the court "was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Commonwealth v. Watson*, 228 A.3d 928, 936 (Pa. Super. 2020) (quoting *Commonwealth v. Devers*, 546 A.2d 12, 18 (Pa. 1988)).

As stated above, Appellant argues that the sentencing court imposed a manifestly excessive sentence, inflicting too severe a punishment. *See* Appellant's Brief at 11. He further argues that the sentencing court did not show meaningful consideration of the Section 9721(b) factors because it supposedly focused solely on the seriousness of his offense and a victim impact statement. *See* Appellant's Brief at 14, 19. Additionally, Appellant alleges that the sentencing court did not mention his childhood trauma, his drug use, his mental health issues, or his acceptance of responsibility at the plea and sentencing hearings. *See id.* at 15-18.

Appellant avers that rather than taking his mitigating circumstances into account, the sentencing court ignored them. *See* Appellant's Brief at 18. He

relies on ***Commonwealth v. Coulverson*** for the assertion that when a court reviews the PSI only as a "perfunctory exercise" before focusing on the seriousness of the offense, then, a reversal is required. ***See id.*** at 18, n. 9 (citing ***Commonwealth v. Coulverson***, 34 A.3d 135, 150 (Pa. Super. 2011)). Finally, Appellant argues that the sentencing court focused on the seriousness of the offense and only paid "lip service" to the statutory factors addressed in Section 9721(b). ***See*** Appellant's Brief at 19. Therefore, Appellant concludes, the sentencing court abused its discretion and reversal is required. ***See id.*** at 20. We disagree.

Contrary to Appellant's claim, the sentencing hearing transcript establishes that the court properly considered the Section 9721(b) statutory factors in fashioning his sentence:

> So[,] the things that I considered in making the sentence include the statutory factors I'm required to consider, the need for the protection of the public, the gravity of the offense in relation to the impact on the victim's life and the community[,] and the rehabilitative needs of [Appellant].
>
> I've also considered the information submitted to me in preparation for sentencing, which I have carefully reviewed, including the investigation of the prior record score, although with the note that it was computed incorrectly and the [c]ourt is only treating it as a 2, not a 3; the [PSI], mental health evaluation, mitigation packet submitted by [d]efense [counsel], and the statements made by [the] Commonwealth and [d]efense [counsel] at this proceeding, the statements made by [Appellant], the statements made by [the victim, W.A.,] including the written statement submitted as well as the statement she made here in court, and the Commonwealth sentencing guideline [form]. The [c]ourt prepared and reviewed the sentencing guideline form. [] And also[,] a sentence risk assessment was conducted, and no additional information was recommended

* * *

Defense [counsel] has submitted a lot of factors [for consideration], a lot of information that weighs heavily for mitigation. But I also think that while [Appellant] might be somebody who can be rehabilitated, I guess I'm not sure how much effort it's going to take to accomplish that rehabilitation. Because I think he's got a long road. I don't think it's a short path for him to be better.

I think that the mental health report — you know, they say his prognosis is guarded, and I think that the issues that he has to deal with are very deep-seated issues[,] and that does give me concern because I think[,] absent rehabilitation, he would be a significant threat to the community.

I'm less concerned about his juvenile offenses, but his adult offenses, you know, in addition to this offense and the information that the victim provided here today, which is that he continued to interact with her as if nothing had happened afterwards.

We also [] have the fact that he was involved in a serious shooting several years later. So[,] this isn't some isolated incident. And, actually, quite frankly, I'm going to be giving him notice of a second strike because I think between the agg[ravated] assault and this rape, he's now got two strikes for crimes of violence. []

I think that you know — yes, he was young; yes, his brain wasn't totally formed to make good decisions. I, again, go back to he's got a long road for rehabilitation. And if he doesn't rehabilitate, he's going to continue to be a threat to the community and that is a serious threat to the community and that concerns me greatly.

And while we do have some mitigating factors here, I also think we have some aggravating factors. So I, first, want to note I did not apply the domestic violence enhancement because under the definition of "household member," this particular victim is not technically meeting that definition, but certainly she is somebody who is — I mean, she's certainly a household member in the sense that she raised him, that she served in a parental role, that they were in very constant contact for many, many years.

So[,] while the guidelines do not apply to domestic violence enhancement, from an aggravating standpoint, like, from the — thinking of the balancing of all these factors, the fact that he did

this to somebody with whom he had a close relationship, to me, is concerning.

And, you know, [Appellant] accepted responsibility when he stood in my courtroom under oath[,] and then he told the mental health folks something completely different.

* * *

So, 4 to 12 years followed by 3 years of reporting probation. Because if [Appellant] does the work and he gets better and he can be released to the community, I would like that for him. If he gets to the point that he's rehabilitated, he should be released to the community. But if he's not able to accomplish that, I think that it's important that we have a sentence here that's consistent with the seriousness of this offense. And so, that's the reason for this sentence as I'm putting it.

N.T. Sentencing Hearing, 11/18/24, at 62-67.

Upon review of the record, we conclude that the sentencing court neither abused its discretion nor imposed an excessive sentence when it imposed 4 to 12 years of incarceration. **See McCarthy**, **supra**. The sentencing court carefully considered the required statutory factors and clearly gathered information to understand Appellant's background as well as mitigating facts and potential rehabilitative needs. Furthermore, there is nothing unreasonable about Appellant's sentence; in fact, Appellant received a sentence below the standard range, at the bottom of the mitigated range recommended by the Sentencing Guidelines. **See Commonwealth v. Hill**, 210 A.3d 1104, 1117 (Pa. Super. 2019) ("[W]here a sentence is within the standard range of guidelines, Pennsylvania law views the sentence as appropriate under the Sentencing Code"). The sentencing court was also informed by the PSI. **See Watson**, **supra**.

Additionally, Appellant's argument that the sentencing court merely recited Section 9721(b) as a "lip service" is meritless. In **Coulverson**, we held that the sentencing court failed to reflect adequate consideration of Section 9721(b) factors when it **only** stated the following:

> I've listened to everything that everyone had to say, including you, your lawyer, your family, the victim, the victim's family, the victim's friends. I reviewed the presentence investigation report, which I have considered along with the other information.
>
> The destruction you've caused to [the victim], her family, her friends, your family, your friends, the future generations of all those people will last forever.

**Coulverson**, 34 A.3d at 144 (citation omitted and brackets added).

Appellant's argument is plainly contradicted by the record. Unlike **Coulverson**, here, the sentencing court explained at length what it considered prior to sentencing Appellant. **See Commonwealth v. Bricker**, 2025 WL 1780502, *6 (Pa. Super., filed June 27, 2025) ("The sentencing court in **Coulverson** provided 'scant consideration of anything other than victim and the court's impulse for retribution on the victims' behalf.") (unpublished memorandum cited for persuasive value pursuant to Pa.R.A.P. 126(b)(2)). Essentially, Appellant's claim is asking us to reweigh his sentencing factors, which we will not do. **See Commonwealth v. Verma**, 334 A.3d 941, 947 (Pa. Super. 2025) (we "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court" where the sentencing court "was fully aware of all mitigating factors") (citation omitted). We find no abuse of

- 12 -

discretion by the sentencing court. **See McCarthy**, **supra**. Accordingly, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/13/2026